JOHN ALLEN TIMM *v.* STATE OF INDIANA.

[No. 674S117. Filed November 4, 1976.]

*Oscar B. Smith, Jr.*, of Knox, for appellant.

*Theodore L .Sendak*, Attorney General, *Walter F. Lockhart*, Deputy Attorney General, for appellee.

ARTERBURN, J.—The Appellant, John Allen Timm, was convicted on December 5, 1973, of second degree murder. The Appellant was sentenced by his jury to imprisonment for life. The Appellant's motion to correct errors was filed on February 15, 1974. It is from the denial of this motion on March 22, 1974, that this appeal is taken.

The evidence at trial revealed that on February 8, 1973, at approximately 1:30 a.m., Donald Leroy Nickles returned from work to his Fish Lake, Indiana, home. He discovered the nude body of his wife, Gayle, lying in a puddle of blood on the living room floor. A total of twenty-two knife wounds had been inflicted upon the body. A black and orange stocking hat was found lying at Mrs. Nickles' feet. A knife was found in the kitchen sink.

At 8:20 a.m. police received a phone call from the Appellant reporting the theft of a sweatshirt and a black and orange stocking hat. The Appellant was brought to the county sheriff's office at about 10:00 a.m. Inquiries regarding the alleged theft and the Appellant's activities the night before were made. The Appellant was returned to Fish Lake around noon. The Appellant was interrogated a second time at 2:00 p.m. that afternoon for some one and one-half hours. He was interrogated a third time on the afternoon of February 9. During this last interrogation the Appellant confessed to the murder of Gayle Nickles.

I.

The first argument presented in the brief of the Appellant is that the evidence at trial failed to prove beyond a reasonable doubt that the Appellant was legally sane at the time of the

crime. Our standard of review on this sufficiency of the evidence question is well-established:

> "We have recently reiterated that the question of insanity is a question of fact not unlike other factual issues, which are to be decided by the trier of fact. Whenever such a factual question is appealed, this Court does not weigh the evidence nor judge the credibility of witnesses. We look to the evidence on the issue most favorable to the state and the reasonable inferences to be drawn therefrom. When there is substantial evidence of probative value to support the decision of the trier of fact, the decision will be affirmed. *Dragon* v. *State,* (1974) [262] Ind. [394], 316 N.E.2d 827; *Moore* v. *State,* (1973) [260] Ind. [154], 293 N.E.2d 28; *Majors* v. *State,* (1974) [160] Ind. App. [124], 310 N.E.2d 283."

*Blake* v. *State,* (1975) 262 Ind. 659, 323 N.E.2d 227.

The Apellant concedes that the two psychiatrists appointed by the trial court to examine him, following the entry of his insanity plea, testified that he was, in their opinion, legally sane at the time of the commission of the crime. He attacks the basis of their evaluations, however, and contrasts their testimony with that of expert witnesses called by the defense. Despite an acknowledgment in the argument that this court does not weigh evidence, we are asked to do precisely that and to judge the credibility of witnesses. This we cannot do. The jury in this case was able to observe the Appellant as he testified at trial. His confession showed that he attempted to wash the blood off the murder weapon and to conceal his footprints in the snow, evidencing an appreciation of the wrongfulness of his conduct. This evidence, with the expert testimony already mentioned, is sufficient to support the jury's verdict.

## II.

It is also urged that the trial court erred in refusing to give to the jury Defendant's Instructions Nos. 2, 3, 5, 8 and 10. We note at the outset that the Appellant tendered twelve instructions to the trial court, seven of which were accepted and read to the jury. A defendant is permitted under our rules of criminal procedure to tender only

ten instructions, unless the trial court fixes a greater number in a particular case. Ind. R. Crim. P. 8. No error may be predicated upon the refusal to give instructions in excess of the number permitted under the rule. *Buchanan* v. *State,* (1975) 263 Ind. 360, 332 N.E.2d 213. The record in this case does not indicate that the trial court exercised its discretion and permitted the tender of more than ten instructions in this case. As a result, the Appellant cannot complain of the trial court's refusal of at least two of his tendered instructions.

These instructions, however, were properly refused for other reasons. The substance of Defendant's Instructions Nos. 2, 3, 5 and 10 was contained in instructions which were given by the trial court. It is not error to refuse an instruction the substance of which is adequately covered by other instructions which are given. *Fuller* v. *State,* (1973) 261 Ind. 376, 304 N.E.2d 305. Defendant's Instructions No. 2 and No. 3 each essentially set out the definition of insanity as set out in *Hill* v. *State,* (1969) 252 Ind. 601, 251 N.E.2d 429, and stated the State's burden of proving sanity beyond a reasonable doubt. State's Instruction No. 6 and Defendant's Instruction No. 1 each accomplished the same thing. Defendant's Instruction No. 5 stated the State's burden of proving sanity beyond a reasonable doubt in wording different from other instructions defining that burden. This makes it no less redundant, however. Defendant's Instructon No. 10 defined the term "purposely" as it relates to a murder charge. This word was defined in State's Instruction No. 1, given to the jury.

Defendant's Instruction No. 8 discussed the inference of unfavorable testimony or evidence which arises from the failure of the State to call known witnesses or produce known evidence. However, the Appellant does not allege that any known witnesses were not in fact called by the State. And the evidence alleged to have been not produced appears to be of little, if any, probative value. The Appellant mentions photographs of the accused taken by police which show scratch

marks on his arms. Cross-examination by the defense elicited a description of these scratches and the circumstances under which the photographs were taken, rendering the photographs themselves cumulative. Also noted were movies of the scene of the crime, clearly cumulative in light of the various photographs of the scene which were admitted into evidence. Finally mentioned were the clothes of the decedent, found in a bedroom. These were pictured in photographs which were admitted into evidence and their introduction was simply not necessary. The trial court did not err when it refused to give Defendant's Instructon No. 8. *Gatchett* v. *State*, (1973) 261 Ind. 109, 300 N.E.2d 665.

### III.

The last contention presented here is that the trial court erred when it failed to suppress the Appellant's confession and permitted its admission into evidence. It is argued that this confession was not freely and voluntarily made—that threats and promises were made and that the appellant was tricked into confessing. The young age of the Appellant and the length of his interrogation are also brought out. In addition to these allegations addressing the voluntariness of the Appellant's confession, it is asserted that the Appellant did not knowingly waive his constitutional rights. This portion of the argument discusses the Appellant's emotional breakdown at the time of his confession, without much elaboration.

This court will not ordinarily disturb a trial court's ruling as to the admissibility of a confession when that ruling is based upon conflicting evidence. *Rogers* v. *State*, (1974) 262 Ind. 315, 315 N.E.2d 707; *Cooper* v. *State*, (1974) 261 Ind. 659, 309 N.E.2d 807. The Appellant testified at his suppression hearing that he was not advised of his rights prior to his first interrogation on the morning of February 8. Police witnesses testified that this questioning session concerned the alleged theft of the Appellant's hat, and that the Appellant was orally advised of his rights before he was asked questions regarding his activities of

the night before. Police also testified that the Appellant was told during this first interrogation that he was not under arrest and could leave at any time. The Appellant also testified that he was accused at all three interrogations of murdering the decedent and of being crazy. Police witnesses denied this. The Appellant testified that he was promised psychiatric treatment if he confessed, and that police threatened to jail him with black federal prisoners who "would like to get their hands on a woman killer." Police denied making any promises or threats. The Appellant acknowledged having his rights read to him and signing a statement to that effect before his second interrogation on the afternoon of February 8. He acknowledged signing a second waiver of rights form on February 9. The adequacy of these forms is not challenged in the Appellant's argument.

We may not weigh the evidence nor substitute our judgment for that of the trial court. The evidence in this case was sufficient to sustain the finding of the trial court that, under the totality of the circumstances, the Appellant's confession was voluntary.

The judgment of the trial court is affirmed.

All justices concur.

NOTE.—Reported at 356 N.E.2d 222.