SOLOMON RICHARDSON AND LITTLEJOHN FAULKNER *v.* STATE OF INDIANA.

[No. 177S15. Filed March 10, 1978.]

*A. Martin Katz,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Jack R. O'Neill,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellants Richardson and Faulkner were jointly tried by a jury in Lake Criminal Court. On September 30, 1976, appellant Richardson was convicted of murder in the perpetration of a robbery, and appellant Faulkner was convicted of first-degree murder and murder in the perpetration of a robbery. Both appellants were sentenced to life imprisonment.

Two errors relating to the admissibility of confessions by both appellants are asserted in this appeal: (1) that the trial court's pre-trial ruling that said confessions were voluntary and admissible was erroneous; (2) that the appellants should have either been tried separately or else not have had their confessions admitted against them, in view of deleted references to each other made in the separate confessions.

## I.

The confessions of each appellant were the subject of a pre-trial suppression hearing by the trial court. After hearing all of the evidence, some of which was conflicting, the court held that confessions by each appellant were admissible. The court found that the *Miranda* rights of neither appellant were violated, and that neither appellant had made a request

for an attorney before or during the time such confessions were made. On this appeal, both appellants renew their claims that their confessions were in violation of their *Miranda* rights, that their desires to remain silent and have attorneys present during questioning were ignored, and that their confessions were involuntary because of inducements and because of their ingestion of alcohol and drugs.

The question of the admissibility of a confession is to be controlled by determining, from the totality of the circumstances, whether or not it was made voluntarily. *Works* v. *State,* (1977) 266 Ind. 250, 362 N.E.2d 144; *Ortiz* v. *State,* (1976) 265 Ind. 549, 356 N.E.2d 1188. The same test determines whether a waiver of the *Miranda* rights has occurred. *Ortiz, supra; Nacoff* v. *State,* (1971) 256 Ind. 97, 267 N.E.2d 165. We review these questions on appeal as we do other sufficiency matters. We do not weigh the evidence, but rather determine whether there is substantial probative evidence to support the trial court's finding. *Murphy* v. *State,* (1977) 267 Ind. 184, 369 N.E.2d 411. This court will not ordinarily disturb a trial court's ruling as to the admissibility of a confession when that ruling is based on conflicting evidence. *Timm* v. *State,* (1976) 265 Ind. 537, 356 N.E.2d 222.

As to appellant Richardson's confession, the testimony of Lake County Sheriff's Detective Carroll, to whom the confession was given, was as follows. The detective read appellant Richardson a proper *Miranda* warning, which Richardson said that he understood. The detective then read Richardson a *Miranda* waiver form, which Richardson read and said he understood. This waiver form was subsequently signed by Richardson, although it is not clear when. After Richardson's indications that he understood his *Miranda* rights and waivers, however, the detective told him that he was investigating this case. The detective then asked Richardson if he had a statement to make, and Richardson replied affirmatively and began making his confession. Detective Carroll testified that

Richardson did not ask for a lawyer to be present, did not say that he was hungry or thirsty, and did not appear to be tired, intoxicated, or on drugs. At one point, Richardson asked if things would go easier for him if he made a statement, to which the detective replied that this would be up to the prosecutor's office and that he, Detective Carroll, had nothing to do with it. Detective Carroll testified that he made no "deals" or promises of release to Richardson.

As to appellant Faulkner's confession, the testimony of Lake County Sheriff's Detective Malizzo, to whom the statement was given, was as follows. Appellant Faulkner was given a proper *Miranda* warning, which Faulkner said that he understood. A *Miranda* waiver form was then read to Faulkner and given to Faulkner, who indicated that he understood it and signed it. The detective then asked Faulkner if he wanted to give a statement, to which Faulkner replied that he did. Faulkner then made his confession. Detective Malizzo testified that Faulkner did not ask for a lawyer to be present, appeared normal and alert, did not state that he needed anything, and did not appear to be intoxicated or on drugs. Detective Malizzo testified that he did not tell Faulkner that he would do less time if he made a statement, and did not threaten Faulkner or promise him anything.

The testimony of both appellants at the suppression hearing disputed the testimony of both detectives on several particulars. Under our standards of review in these matters and under the evidence before us, however, we find that the trial court properly ruled that the confessions in issue were made in conformance to the requirements of *Miranda* and were made voluntarily.

## II.

The confessions of both appellants, as originally given, contained incriminating references to the other's involvement in the crime in question. Both confessions were admitted at trial with these references to each other deleted. Also ad-

mitted was the statement of a third participant in the transaction in issue, who testified as a witness in this case, with references to these two appellants similarly deleted. On the morning of the trial, appellant Faulkner made a motion for a separate trial, which was denied. Appellant Richardson never made such a motion. Both appellants now claim that they should have been tried separately or, in the alternative, not have had these confessions admitted because the deletions were ineffective.

Whatever merit there is to the argument that admitting these three statements, even as deleted, was erroneous, *see* *Carter* v. *State*, (1977) 266 Ind. 140, 361 N.E.2d 145, *and Sims* v. *State*, (1977) 265 Ind. 647, 358 N.E.2d 746, we find any possible error here to be harmless beyond a reasonable doubt. There was no substantial difference in the statements of either of these appellants, or in the statement of their third participant, as to the facts of the crime in question. Neither were either of these appellants charged, in one of the other admitted statements, with any act not fully confessed to in his own statement. Further, the trial testimony of the third participant in this transaction substantially corroborates the version of events found in the admitted confessions. Given the testimony of this third participant, and the confession of either of these appellants in his own separate trial, a jury could not have properly done other than convict. *Cf. Carter, supra,* 361 N.E.2d at 148.

The judgment of the trial court is affirmed.

Givan, C.J., Hunter, JJ. concur; DeBruler, J. concurring and dissenting with opinion in which Prentice, J. concurs.

### CONCURRING AND DISSENTING OPINION

DeBruler, J.—The version of events surrounding Richardson's interrogation, according to the detective in charge of that interrogation, established that Richardson was arrested at 6:30 a.m. Later that same morning the two police interrogators went to his holding cell and asked him if he would

come down to the detective bureau and appellant stated he would. No other words were spoken at that time. Appellant was taken to an interrogation room. The two interrogators entered the room. The interrogator described the very next events in his testimony given at the hearing on the motion to suppress:

> "We put him into one of the interrogation rooms, advised him of his rights, told him that we were investigating the matter and asked him if he had any statement to make. And what was his response?
> He stated that he would. He first gave an oral statement.
>
>     \*    \*    \*
>
> You read them [*Miranda* rights] off of a card?
> Yes, sir."

The interrogator listened to appellant's entire statement about what had happened for about ten minutes. Appellant was then read another advisement of rights from a blank waiver and statement form. According to the testimony of the interrogator the following colloquy between appellant and the interrogator then took place.

> "Q. And that's all?
> A. He asked about a lawyer and I says you'll get one appointed for you in court.
> Q. He asked about a lawyer? And you said one would be appointed in court?
> A. Right. He didn't ask to have a lawyer present.
> Q. He asked about a lawyer though, didn't he?
> A. Yes, he did.
>
>     \*    \*    \*
>
> Q. But when he asked about a lawyer, you told him one would be provided at arraignment?
> A. Yes, I believe I did."

The State had the burden to demonstrate that Richardson intelligently and voluntarily waived his right to consult with appointed counsel, prior to giving the first oral statement at the interrogation. *Miranda* v. *Arizona,* (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; *Magley* v. *State,* (1975) 263

Ind. 618, 335 N.E.2d 811; *Nacoff* v. *State*, (1971) 256 Ind. 97, 267 N.E.2d 165. The foregoing recital of the facts is the sum and substance of the evidence presented by the State to satisfy that burden. It was insufficient. Between the advisement and the start of the oral statement Richardson did not manifest his intent to relinquish this right. There was no specific statement that Richardson was willing to forego this right. And a waiver of the right to consult with counsel cannot be inferred from simply agreeing to give a statement in the aftermath of an advisement of rights, especially where as in this case the person being questioned subsequently asks questions about how and when he might make a connection with a lawyer upon reading an advisement of rights prior to executing a formal written waiver.

> "[A] valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained." *Miranda* v. *Arizona, supra,* at 386 U.S. 475, 86 S.Ct. 1628.

The conviction of appellant Faulkner should be affirmed and a new trial ordered for appellant Richardson.

Prentice, J., concurs.

NOTE.—Reported at 373 N.E.2d 874.