ROY T. MISENHEIMER *v.* STATE OF INDIANA.

[No. 976S297. Filed April 19, 1978.]

*Michael T. Conway,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Roy T. Misenheimer, was convicted by a jury in Marion County, of kidnapping and armed sodomy. The trial judge entered judgment on the verdicts and imposed on the defendant a life sentence and a consecutive twenty-year sentence for the two, respectively. Defendant filed a motion to correct errors, which was overruled, from which arises this appeal.

A review of the evidence most favorable to the verdict shows that the defendant was charged with kidnapping a thirteen year old boy and sodomizing him. The victim testified that he was grabbed on a street corner by the defendant and compelled to get into a car by threats with a knife. He was taken to an apartment and locked inside. Defendant forced him to take drugs, drink alcohol and undress. He was forced to commit fellatio and other sexual acts. The victim was threatened at various times with a hook-bladed knife, was hit on the head by a hammer, and was cut on the wrist with the knife.

### I.  *Testimony of Phillip Wolfe—Admonishment*

The defendant contends that the trial court erred in not giving a requested admonishment to the jury after an objection was sustained. The exchange occurred as follows:

| | | |
|---|---|---|
| Prosecutor: | Q. | "Have you ever seen this young boy before?" |
| Witness: | A. | "Not that - - -" |
| Defense Attorney: | | "- - - Your Honor, I object to the question and the answer and ask that the Jury be instructed to disregard his answer, as we have previously indicated in other motions, we believe this is evidence of a negative character which is incompetent and impermissible." |
| Court: | | "Well, I don't see, I fail to see the materiality of the question - - -" |
| Defense Attorney: | | "- - - We object on materiality grounds too." |
| Court: | | "I will sustain the objection." |

The failure to admonish is not properly preserved for review by this Court. Although a request was made, no ruling was made thereon. Error can only be assigned on questions which were presented and determined by the trial court. *Hooten* v. *Alt,* (1963) 244 Ind. 93, 191 N.E.2d 13.

## II. *Motion for Change of Venue and Continuance*

On March 2, 1976, the defendant filed a motion for change of venue and continuance. The basis for this motion was local bias and prejudice due to pre-trial publicity. Attached to the motion were numerous newspaper articles which appeared in *The Indianapolis Star* on February 18, 19, 21 and 22. After a hearing the motion was denied. This denial is assigned as error on appeal.

No transcript of the hearing on the motion is included in the record presented to this Court. It is the duty of an appellant to present an adequate record to an appellate court. *Schuman* v. *State,* (1976) 265 Ind. 586, 357 N.E.2d 895. We cannot consider an assignment of error where the proceedings in the trial court are not included to support it. The fact that articles did appear in the local newspaper does not of itself conclusively establish grounds

for a motion for change. *Swininger* v. *State,* (1976) 265 Ind. 136, 352 N.E.2d 473.

## III. *Search Warrant*

The defendant filed a motion which sought the suppression of all evidence seized in the execution of a search warrant and the suppression of the testimony of all witnesses discovered as a result of this search. The defendant contended that the search warrant was invalid because it was based on false allegations.

An officer of the Indianapolis Police Department wanted the search warrant for certain evidence, relating to charges other than those in this appeal, and believed to be in the defendant's apartment. The officer based her belief on the statement of the female victim of those other alleged crimes where the victim stated that she had been kidnapped by the defendant and raped in his apartment. This statement was attached to the officer's affidavit. In executing the search warrant, police discovered photographs of a boy in the commission of unlawful sex acts and posing in the nude. Using the pictures, the police found the boy and charges were brought against the defendant resulting in his conviction and present appeal.

The charge of kidnapping the female victim was dismissed before trial and the defendant was acquitted on both counts of armed rape and sodomy. At the trial which resulted in the present appeal, defense counsel offered to prove through his own testimony, through the testimony of the defendant, and through depositions of the female victim, that she had made false allegations in her statement which supported the search warrant, and that she had admitted as much under oath. Objections to this testimony were sustained and the motion to suppress the testimony of the boy victim was denied. Additionally, a knife found at the apartment was admitted over objection. The defendant contends these rulings were erroneous.

The defendant made no offer to prove that the police officer

in any way misrepresented to the issuing court the facts as she knew them to be. In fact, defense counsel's offer to prove conceded that there was no reason at that time to disbelieve the female victim. The police officer, therefore, acted reasonably in relying on her statement in seeking a search warrant. Although there are no Indiana cases on point, under the better reasoned federal cases, good faith reliance on a statement, which is neither known to be false nor recklessly presented as true, is not grounds for the suppression of evidence. *United States* v. *Carmichael*, (7th Cir. 1973) 489 F.2d 983; *United States* v. *Luna*, (6th Cir. 1975) 525 F.2d 4. There was, therefore, no error in the trial court's rulings.

## IV. *Comments of Prosecutor*

The prosecutor during the hearing on defendant's motion to suppress referred to defendant failing a polygraph exam. Later in the same hearing he referred to the defendant's failure to take the stand in a prior trial. Motions were made for a mistrial and for change of judge. Objections were sustained but the motions were denied.

These comments do not constitute prejudice to the defendant. It can be presumed that a trial judge is not swayed by evidence which is considered prejudicial before a jury. These comments were not made before the trial jury. In actions tried by a judge it is presumed that he disregarded inadmissible evidence. 1 WIGMORE ON EVIDENCE § 4 (Supp. 1977). It was not error for the trial court to have overruled the motions without a hearing.

## V. *Testimony of the Victim*

Defendant moved to suppress the testimony of the victim and his identification of the defendant on the grounds of undue influence of state officers. After a hearing the motions were overruled and the victim's testimony and identification of the defendant were admitted into evidence over objection.

It was alleged that after the victim identified a look-alike of the defendant, Phillip Wolfe, certain police officers and prosecutors made comments to the victim to the effect that he had identified the "wrong man," and that the defendant had gotten away with other crimes. The police and prosecutor denied this allegation at the hearing and the victim was uncertain. There was also evidence that the victim was the first to believe that his identification of Wolfe was incorrect.

The defendant does not seek review of this testimony under the standards for pre-trial suggestivity. Rather, he cites no cases in support of his proposition and relies generally on constitutional provisions providing for due process of law, due course of law and the confrontation of witnesses. These provisions were not violated here. There was a conflict in the evidence as to what was said and by whom. In a subsequent pre-trial lineup the victim identified the defendant and not Wolfe. He stated that the basis for his identification was not what someone had told him, but rather what happened to him. There is no definitive proof that the state officers coerced the victim's testimony. Additionally, pre-trial identifications pointed to the defendant. There was no error in admitting the victim's testimony and identification.

## VI. *Inspection of Scene*

The defendant requested that the jury be permitted to visit the scene of the kidnapping at the approximate time of day of the kidnapping. The prosecution objected and the motion was denied. Defense counsel contends that the statute which requires a consent of all parties before a jury view is allowed is unconstitutional because it deprived the defendant of a full and fair hearing on the facts, and deprived the defendant of exculpatory evidence. The defendant's position is not well taken for we have held that this statute has been adopted by the Court and that it is not essential to a fair trial that the jury view the scene. *Richard*

v. *State,* (1974) 262 Ind. 534, 319 N.E.2d 118. There was no error.

## VII.  *Admission of Visual Aid*

A large cardboard drawing was offered into evidence on the foundation that it was a reasonably accurate drawing of the area of the kidnapping. Defendant objected to the foundation and stated that the drawing did not show trucks that were in the area and the relative size of the streets. The drawing was admitted as a visual aid and the jury was instructed that it was not admitted as an accurately scaled representation of the scene. This admonition was sufficient. Inaccuracies in the drawing could be testified to and the jury was adequately instructed to be aware of the lack of scale in the drawing. Visual aids to be used in assisting witnesses need not be perfect representations. *Sexton* v. *State,* (1974) 262 Ind. 554, 319 N.E.2d 829. The foundation was sufficient to support the introduction of the drawing for the limited purposes of aiding a witness's testimony.

## VIII.  *Jury View of Incarcerated Defendant*

Prior to the reconvening of the court after a recess, as the jury stood in a hallway, the defendant was removed from the lockup within six feet of where the jury stood and in their full view. The lockup had a barred door and the defendant was escorted from the room by a Marion County Sheriff, although the record does not reveal whether or not the sheriff was in uniform. The court denied a motion for mistrial stating that the viewing was not prejudicial. The court's offer to admonish the jury was refused, the defense believing it best not to call attention to the incident. Such an inadvertent incident is not so prejudicial as to require a mistrial. *United States* v. *Leach,* (8th Cir. 1970) 429 F.2d 956; *United States* v. *Acosta-Garcia,* (9th Cir. 1971) 448 F.2d 395.

## IX. *Depositions of Victim*

State's witness Ralph DuBois testified that he came home to his apartment around the date of the kidnapping and found the defendant there with the door locked. The defendant asked DuBois to get him two Cokes. DuBois did so and then left. During defendant's case, the victim was called to the stand and asked if he had mentioned in a pre-trial deposition the defendant asking someone for two Cokes while he was describing the events of the kidnapping. The victim could not remember if he had mentioned this incident during his depositions. On objection by the state, the defense was not permitted to refresh the victim's recollection by having him read the deposition, nor was the defense permitted to read the entire deposition in open court in an offer to prove that the deposition contained no references to Cokes or Pepsis. On appeal defendant argues that he should have been permitted to impeach the victim because he was a hostile witness and that he should have been permitted to refresh the victim's recollection with the deposition.

Collateral matter may not, however, be the basis for an impeachment by use of a prior statement. *Bryant* v. *State,* (1973) 261 Ind. 172, 301 N.E.2d 179; McCORMICK ON EVIDENCE § 47 (2d ed. 1972). Generally, the trial court has discretion with respect to reception of evidence, and the court's ruling will not be disturbed on appeal in the absence of an abuse of that discretion. *Gayer* v. *State,* (1965) 247 Ind. 113, 210 N.E.2d 852. The victim had previously been on the stand an entire day and was now being asked to read a lengthy deposition in order to answer one question as to a collateral matter. It was within the court's discretion not to permit the refreshing of the witness's recollection.

## X. *Victim's Testimony*

The defendant contends that the trial court erred in denying his motion for mistrial based on the asserted ground that

the victim indicated the defendant had been in another jury trial. The record reveals that questions by the state brought forth testimony from the victim that he had talked to defendant's attorney on five previous occasions, the fifth time being "last Friday, then there was a Jury trial."

When the record was replayed the trial court was in doubt whether the jury heard the comment, because the judge had not. Additionally, it was not mentioned that the defendant was there or that he was on trial. The granting of a mistrial being within the discretion of the trial court, *White* v. *State*, (1971) 257 Ind. 64, 272 N.E.2d 312, there was no error in light of the defendant's failure to demonstrate prejudice.

## XI. *Testimony of Penny Davis*

Penny Davis, a police officer, testified over objection that she went to defendant's apartment where she found and seized a hook knife. A similar or identical knife was used in threatening the victim. Defendant objected on two grounds, the first of which has already been decided adversely to him in Issue III. The second objection was that cross-examination as to the circumstances of the seizure would be impossible without revealing that the officer was at defendant's apartment on another complaint against him.

The defendant cites only the due process and confrontation clauses of the United States and Indiana Constitutions in support of his proposition. The fact that defendant in this situation may feel compelled to elect against complete cross-examination does not make this evidence inadmissible nor has a constitutional violation occurred. The right to cross-examination was still present. There was no error in admitting this testimony.

## XII. *Evidentiary Harpoon*

When a police officer was asked if the victim was shown photographs, the officer responded that she showed him a

notebook, "that we had started with different suspects and mainly sex suspects." Defendants moved for a mistrial. This motion was overruled. There was no admonishment to the jury but at defendant's request defendant was permitted to adduce from the witness that defendant had never been convicted of any sex offense. The defendant now contends that the mistrial should have been granted.

The granting of a mistrial lies largely within the discretion of the trial court. *White, supra.* Where the defendant is placed in a position of grave peril to which he should not have been subjected and from which a curative instruction will not extricate him, a mistrial should be granted. Here, the suspect notebook, as was noted by the trial court, was admitted without objection. The book contained mug shots with descriptions of the various offenses committed. Many of these descriptions were of sex offenses. The defendant's picture alluded to no previous sex offense and defendant was permitted to introduce the fact that he had no previous sex offense convictions. The error was cured by this measure and no prejudice inured to the defendant.

## XIII.  *Psychologist Wesley Dunn*

Wesley Dunn, a school psychologist, had been seeing the victim for a period of time prior to the incidents which gave rise to this case. When Dunn was called by the prosecution, defense counsel objected to his testimony on the grounds that there had been undue influence on the part of the prosecutors in obtaining a waiver of the psychologist-client privilege five minutes before Dunn's testimony. He alleged that this prevented him from deposing the witness prior to trial and from seeking opposing psychological testimony. The objections were overruled and defense counsel was permitted to depose the witness prior to direct examination before the jury.

Defendant's allegation presents a situation analogous to that in which the prosecution presents a witness not on its

witness list. In that situation, absent bad faith, a continuance is the usual, but not the sole, remedy. *Lund* v. *State*, (1976) 264 Ind. 428, 345 N.E.2d 826. Here, neither defense nor prosecution was aware of what this witness would testify to because of the previous assertion of the privilege. Defense counsel was permitted to depose the witness before examination before the jury. Although defendant was not permitted to adduce evidence to show bad faith, he made no specific offer to prove. He has nonetheless failed to establish prejudice. Prior to trial, defendant did not seek to compel discovery, nor did he seek to have his own psychologists examine the victim.

When testifying before the jury, Dr. Dunn was asked by the prosecutor whether the victim was fantasizing. An objection was made which was sustained. Defendant moved for a mistrial which was overruled, although an admonishment was given the jury. Defendant alleges that the prosecution directly disobeyed a prior court order not to ask that specific question. The record does not clearly uphold this allegation. The objection was sustained and the jury admonished. There was therefore no error and the admonishment to disregard the question was sufficient.

When Dr. Dunn was later re-called to the stand as a defense witness, he was asked by the prosecutor and permitted to answer, over objection, that in his opinion the victim would not voluntarily engage in the acts depicted in certain pictures. No grounds were stated for the objection. Grounds not raised in the trial court are not preserved for review. *Strickland* v. *State*, (1977) 265 Ind. 664, 359 N.E.2d 244.

### XIV. *Instructions*

The pertinent portion of the first objected-to instruction reads as follows:

"This cause is submitted to you with confidence that you will faithfully discharge your duty as jurors, without being

moved by any undue demand for conviction or swayed from the proper performance of your duty by any appeal to your sympathy."

Defendant contends that the sentence structure makes it sound as though the jury's proper duty is to convict. There is no merit in this argument. The sentence contains a parallel construction that the juror is not to be moved by either demands for conviction or appeals to sympathy. Neither does this instruction infringe on the right of the jury to determine the facts.

Defendant tendered two instructions which were refused. The first advised the jury that it had the right to determine the facts, the weight to be given a witness's testimony and its credibility. It also advised that they were to decide solely on the law and the evidence. The second refused instruction on prior statements and inconsistencies gave jurors the right to discredit testimony. Two similar instructions on the jury's rights and duties were given by the court, one of them at the defendant's request. There is no error where the trial court refuses to give an instruction the substance of which is adequately covered by another instruction. *Timm* v. *State*, (1976) 265 Ind. 537, 356 N.E.2d 222.

The defendant also requested the following instruction:

"There are many perfectly valid and legitimate reasons why a defendant may not elect to testify. I specifically instruct you that during your deliberations, you cannot in any manner whatsoever comment upon [sic] speculate about why the defendant did not testify."

The trial court agreed to give the instruction with the first sentence deleted. The instruction was withdrawn as modified. The trial court's offer complied with *Gross* v. *State*, (1974) 261 Ind. 489, 306 N.E.2d 371. It was within the court's discretion to refuse the first sentence.

The defendant objected to the court's instruction on reasonable doubt.

"A reasonable doubt is a doubt that is based upon reason and common sense. It is one which may reasonably arise from the evidence, or from the lack of evidence, or from a conflict of the evidence. *It exists if you are uncertain of guilt, or if you can only guess or speculate as to guilt.*

"On the other hand, reasonable doubt is not created by a lack of proof to an absolute certainty, for this is rarely possible. Nor does it arise from the mere possibility of error or mistake or from the fact that you may find some doubt, because in any human activity there always exists the mere possibility of error or mistake, and you may always find some doubt if you look for it.

"You may find guilt beyond a reasonable doubt from all of the evidence if you are convinced that the Defendant did commit the crime rather than probably did; If you are truly convinced of the Defendant's guilt rather than only somewhat convinced; If you are convinced to a reasonable certainty rather than only fairly certain. If you are not so convinced of the guilt of the Defendant, then you should return a verdict of Not Guilty." [Emphasis added.]

The defendant's assertion is that the emphasized portion depreciates the standard for reasonable doubt by stating that a reasonable doubt arises from other circumstances as well. Reading the instruction as a whole, it is clear that a reasonable doubt is defined by what it is, what it is not, and by when guilt may be found. *James* v. *State,* (1976) 265 Ind. 384, 354 N.E.2d 236. The defendant's objection overly emphasizes one sentence and was therefore properly overruled. Also, the substance of a requested instruction on reasonable doubt being adequately covered by a court instruction, there was no error in refusing defendant's reasonable doubt instruction. *Timm, supra.*

## XV. *Final Argument of the Prosecutor*

In his brief the defendant sets out numerous statements made by the prosecutor during final argument, to all but one of which no objection was made. Defendant asserts that no objection was possible without revealing certain things to the jury in each instance. Defense counsel could, however, have stated his grounds for objection

outside the hearing of the jury. The arguments are not preserved for review because of the failure to make a timely objection. *Maldonado* v. *State*, (1976) 265 Ind. 492, 355 N.E. 2d 843.

The remaining argument arose from the following portion of final argument:

Prosecutor: "Their only defense is the glasses and the picture of the leg, and they haven't got a defense."

Defense
Counsel: "Your Honor, we object, and move for a mistrial on the prosecutor's comment, and [on] failure to produce."

The court overruled the objection and motion for mistrial and instructed the jury that they were to base their verdict on the law and the evidence as aided by the instructions. On brief to this Court the defendant has argued that the prosecutor impermissibly commented on the defendant's failure to testify. Whatever the objection "failure to produce" may mean, it would not seem to encompass a comment on the accused's failure to testify. Grounds for objection not raised at trial are not preserved for review. *Strickland* v. *State, supra*.

## XVI.  *Presentence Report*

The presentence report referred to charges of a violation of the 1935 Firearms Act and kidnapping, both of which had been dismissed, and to charges of armed rape and armed sodomy which had resulted in an acquittal. Defendant's argument is that these references will prejudice his chances for clemency, and that the court erred in failing to expunge and excise these references from the report.

The relevant statute states that a probation officer is to prepare the presentence report including the defendant's criminal history. Ind. Code § 35-4.1-4-10 (1976). The statute also permits the probation officer discretion to include any matter he deems relevant. "Criminal

history" would seem to include charges which were dropped or resulted in an acquittal. Additionally, a convicted person is granted by statute the right to file a written memorandum as to any information he deems relevant to sentencing. It should be stated once again that executive clemency, if any, can only be considered to be a matter of grace and is not a right of the convicted felon. It goes without saying that the judicial department cannot interfere with the executive department in the granting or withholding of executive clemency. There was no error in leaving intact the presentence investigation report.

### XVII. *Conclusion*

The defendant contends that the cumulative effect of the assigned errors resulted in a denial of due process and fundamental fairness at his trial under the Fourteenth Amendment of the United States Constitution and our Indiana Constitution. We have reviewed the entire transcript and find that the defendant received a fair trial.

For all the foregoing reasons there was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 374 N.E.2d 523.