Solomon **RICHARDSON**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 182S17.

Supreme Court of Indiana.

Sept. 14, 1982.

Rehearing Denied Dec. 3, 1982.

Susan K. Carpenter, Public Defender of Ind., Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Carmen Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of Murder in the Perpetration of a Robbery and sentenced to life imprisonment. This conviction was affirmed in *Richardson and Faulkner v. State*, (1978) 268 Ind. 61, 373 N.E.2d 874. Appellant filed a petition for post-conviction relief under Ind.P.C.R. 1, which was denied August 19, 1981. He now appeals the denial of that petition.

The case commenced with prosecution by the State against appellant and two brothers, James and Littlejohn Faulkner. The three defendants were charged with the murder of a customer of a convenience food

store. All three defendants were represented by different pauper attorneys. Appellant was represented by attorney Hamilton Carmouche. James Faulkner was represented by attorney Charles Graddick. Both were members of the firm of Work and Carmouche. James Faulkner was found not guilty of all charges. Littlejohn Faulkner was found guilty of First Degree Murder and Murder in Perpetration of a Robbery.

Appellant's petition for post-conviction relief is premised on the alleged infringement of his Sixth Amendment right to the effective assistance of counsel. This alleged deprivation is based on what appellant asserts was an irreconcilable conflict of interest on the part of his attorney, Mr. Carmouche, by virtue of his association with the attorney for co-defendant James Faulkner, Mr. Graddick. Appellant contends his attorney's representation was influenced by interests other than his own, namely the collective desire of Carmouche and Graddick to obtain an acquittal for Graddick's client, James Faulkner.

The post-conviction court found there is no presumption of a conflict of interest operating to the detriment of a defendant when separate attorneys associated in the same firm represent co-defendants in the same or separate trials. Citing *Cuyler v. Sullivan*, (1980) 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333, the court further held appellant was required to make an actual showing "that his counsel actively represented conflicting interests which adversely affected counsel's performance in [appellant's] defense" in order to have a valid constitutional claim of ineffective representation. The court found appellant had no such showing. Particularly the court found appellant's decision not to take the witness stand at the trial was one left to the attorney in the exercise of his professional judgment and discretion. The reason for advising appellant not to take the witness stand was the attorney's fear cross-examination would harm his cause more than help it. Appellant suggests the reason for doing so was the desire of the attorneys to gain the acquittal of James Faulkner.

The first issue to be dealt with is whether appellant has waived his argument on this issue by failing to raise the issue in his direct appeal. The State asserts his failure to raise the issue at that time constitutes waiver of the issue in the post-conviction proceeding. Appellant contends, however, the State failed to make an objection to this issue during the post-conviction hearing and therefore must be deemed to have waived the question, and is now precluded from arguing waiver on the part of the appellant. In *Langley v. State*, (1971) 256 Ind. 199, 267 N.E.2d 538, this Court stated:

"For relief to be granted where the element of waiver has been introduced at the post conviction hearing, there must be some substantial basis or circumstance presented to the trial court which would satisfactorily mitigate a petitioner's failure to have procured or perfected a remedy through the normal procedural routes. Where, however, the state, as it did in this case, chooses to meet a petitioner's allegations on the merits at the hearing, we must do likewise on appeal.[2]

\*    \*    \*    \*    \*    \*

"2. It should be noted that the state *on appeal* has asserted petitioner's waiver of the right to challenge the admission of testimony relating to his identification since no objection was made at trial. However, it would seem that the state is precluded from asserting waiver on appeal where they made no mention concerning it at the hearing on the same basis that an appellant is normally denied the right to raise an issue for the first time on appeal." (Emphasis in original.) 256 Ind. at 207, 267 N.E.2d at 542–43.

At no point during the post-conviction proceeding did the State raise the question of waiver concerning the conflicting interests of the attorneys. Thus the State has itself waived the defense by responding to the allegation of denial of the effective assistance of counsel on the merits at the hearing. We must accordingly treat the issue on the merits.

The United States Supreme Court has declared: "[T]he 'assistance of counsel' guaranteed by the Sixth Amendment contemplates that such assistance be untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests." *Glass v. United States*, (1942) 315 U.S. 60, 70, 62 S.Ct. 457, 465, 86 L.Ed. 680, 699. However, this Court has noted the mere fact of joint representation of co-defendants by one lawyer is not *per se* a constitutional violation; there must be a showing of an actual conflict of interest. *Cowell v. State*, (1981) Ind., 416 N.E.2d 839; *Snider v. State*, (1980) Ind., 412 N.E.2d 230; *Nelson v. State*, (1980) Ind., 401 N.E.2d 666. In *Cuyler, supra*, the Court made it clear where the defendant makes no objection at trial to the joint representation, on appeal the reviewing court must find "that an actual conflict of interest adversely affected his lawyer's performance." *Id.* 446 U.S. at 349, 100 S.Ct. at 1719, 64 L.Ed.2d at 347.

■ ABA STANDARDS, § 3.5(b) (1974) state in part: "[L]awyers who are associated in practice should not undertake to defend more than one defendant in the same criminal case if the duty to one of the defendants may conflict with the duty to another." Although such a possibility of conflict existed in the case at bar, we find nothing in the record to indicate the appellant sustained his burden of proving there was an actual conflict of interest adversely affecting his attorney's performance.

The record shows all three defendants made confessions that were admitted as evidence against them at trial. The confessions of appellant and James Faulkner were admitted through the testimony of police officers. They were admitted in redacted form because each contained references to the other defendants. The record also shows defendant James Faulkner was the only defendant who took the witness stand in his own defense. When he did so, he testified that he knew of no plan on the part of the other two defendants to rob or shoot anyone, though he admitted knowing each was armed. He further testified he stayed in the car at the store where the shooting took place. He stated he looked up when he heard appellant drop something which he observed to be a weapon that appellant was carrying in a shoulder holster. At the same time he heard a shot. He saw appellant grabbing his brother by the arm and dragging him toward the car.

Upon our examination of the trial record and the statement by appellant, we find the references therein to James Faulkner would, if anything, have supported the latter's version of his role in the event. In his statement, when asked, "What was James Faulkners [sic] part in the robbery," appellant answered, "He was just driving the car." He also stated there was no plan on the part of the three to commit any crime when they pulled into the parking lot of the store. This belies any notion admission of the unredacted statement of the appellant would have been harmful to James Faulkner.

Appellant testified at the post-conviction hearing he would have stated at trial that the three had earlier in the evening planned to rob another convenience store. However, he also stated he would have testified there was no plan to rob the store or anyone else where the shooting took place. He did not testify he would have denied having the weapon in his possession, nor did he testify he would have denied getting out of the car immediately prior to the shooting.

We also observe James Faulkner's testimony was merely cumulative in light of the evidence already placed before the jury when appellant's statement was admitted into evidence. Nothing James Faulkner said in his testimony was as damaging to appellant as his admission in his own statement that he was to be the "back-up man" in a robbery at the store. Though Faulkner's testimony put appellant outside the car with a gun in his hand at the time of the shooting, he had already admitted this fact in his statement and as recited above he did not state in the post-conviction proceeding he would have denied this assertion. It is true appellant might have effectively refuted the evidence regarding his role in

the crime as evidenced by the content of his confession, had he taken the stand in his own defense.

We also note appellant's attorney conducted cross-examination of James Faulkner at trial. It was the failure to effectively cross-examine a law partner's client that the Court found was a conflict of interest in *Ross v. Heyne*, (7th Cir. 1980), 638 F.2d 979. In this case, however, cross-examination was conducted and we do not see any deficiency in the manner in which it was conducted.

In post-conviction proceedings the burden of proof is on the petitioner, who must establish the grounds for relief by a preponderance of the evidence. *Hollonquest v. State*, (1982) Ind., 432 N.E.2d 37; *Cowell, supra*; *Herman v. State*, (1979) Ind., 395 N.E.2d 249. The judge hearing the petition is the sole judge of the credibility of witnesses and the weight to be given to the evidence. In the case at bar appellant has failed to meet his burden on this issue. We hold the post-conviction judge did not err in finding appellant received effective assistance of counsel.

Appellant claims the trial court erred in denying relief from the admission of the confession of Littlejohn Faulkner. He claims the denial of relief was in violation of his Sixth Amendment right to confront witnesses. Appellant asserts the redactions were ineffectively made. The State contends this issue was decided against appellant in his direct appeal and is therefore not subject to further review in the post-conviction proceeding. *Richardson, supra*. This Court held in the original appeal not that there was no error on this issue, but rather that the error, if any, was harmless, because the statements did not substantially differ regarding the facts of the event and because James Faulkner's testimony was corroborative of the versions of the events in the statements.

The State's position that a consideration of this issue would constitute review of an issue decided on direct appeal is correct. *See, Frasier v. State*, (1977) 267 Ind. 24, 366 N.E.2d 1166.

Appellant claims the post-conviction court erred in rejecting the contention the verdicts rendered were inconsistent and necessitate reversal. Appellant was acquitted of the crimes encompassed in Count I. He was convicted on Count II, which was for Murder in the Perpetration of a Robbery, *i.e.*, Felony Murder. The record also shows the State relied on his culpability as an accessory to all charged crimes.

Appellant cites two cases, *Schmidt v. State*, (1973) 261 Ind. 81, 300 N.E.2d 86, and *Combs v. State*, (1973) 260 Ind. 294, 295 N.E.2d 366, in support of his argument. Those cases concern the consistency of verdicts between an accessory and a principal. The cases have nothing to do with internal consistency between verdicts on separate counts of an indictment as to one defendant. Here appellant clearly raises no objection as to inconsistency between the verdicts reached as to him and to Littlejohn Faulkner. Rather, he asserts there is an inconsistency in finding him not guilty as to Count I but guilty as to Count II.

We find no internal inconsistency in finding appellant not guilty of First Degree Murder or Voluntary or Involuntary Manslaughter but finding him guilty of Felony Murder. The homicide statute in effect at the time of this offense was I.C. § 35–13–4–1 [Burns 1975]. It was provided in subsection (a):

"Whoever kills a human being *either* purposely and with premeditated malice *or* while perpetrating or attempting to perpetrate ... robbery ... is guilty of murder in the first degree ... ." (Emphasis added.)

The statute provides for first degree murder in two situations, either where the murderer killed with premeditation or where he killed while perpetrating or attempting to perpetrate a robbery (or other named felonies). It is apparent Count I charged first degree murder committed with premeditation, while Count II charged first degree murder committed in perpetration of a robbery. It has been held first degree murder of the second kind does not

require premeditation or malice. *McCutcheon v. State*, (1927) 199 Ind. 247, 155 N.E. 544. An acquittal on a charge of murder with premeditated malice does not preclude a possibility of a finding of guilty on a charge of murder in the perpetration of a robbery. All the acquittal on the first charge means is the jury failed to find premeditated malice. It does not, as appellant contends, mean the jury found appellant was not culpable as an accessory to any kind of homicide but rather only means he was not an accessory to premeditated murder. We hold there was no inconsistency in the verdicts.

The trial court is in all things affirmed.

All Justices concur.