**Kevin MORRISON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 284S72.**

Supreme Court of Indiana.

Dec. 9, 1987.

Daniel L. Bella, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This case was first presented to this Court in February of 1984 by way of a petition for permission to file a belated appeal. However, upon examination of the record it became apparent that appellant

was sentenced on July 8, 1983, and that his motion to correct errors was not filed until September 27, 1983. Thus, the original motion to correct errors was filed beyond the sixty day limit provided in Ind.R.Tr.P. 59(C). Therefore, on March 5, 1984, this Court dismissed the appeal "without prejudice to appellant's rights to file a 'Petition for Permission to File a Belated Motion to Correct Errors.'" On March 20, 1986, appellant filed his "Petition for Permission to File Belated Motion to Correct Errors" with the trial court, which motion was granted. Appellant then filed his "Belated Motion to Correct Errors", which was denied. This appeal was commenced by appellant by the filing of the transcript on December 17, 1986.

The facts are: On November 12, 1982, Lowell Fitch was at home in Hammond, Indiana. The doorbell rang and as Fitch stepped through the living room door to an enclosed porch he saw a black man accompanied by another man wearing a mask standing behind him. The men asked for Chris. Fitch informed them that Chris did not live there anymore. The unmasked man, later identified as Mark Douglas, produced a shotgun, and Fitch attempted to slam the door. However, Douglas fired two shots, one of which struck Fitch in the right hand and left shoulder. Fitch's injuries required eight days of hospitalization and a period of therapy. Donna Evans, who was also in the house at the time, immediately went to a bedroom where she obtained a shotgun and fired a shot at the fleeing men.

On December 17, 1982, appellant and his codefendant were arrested and each gave a written statement concerning their participation in the shooting. Although in his statement and at trial, appellant claimed he did not want to participate in the robbery, he did admit showing the others where the house was and admitted telling them there were guns and a lot of nice things in the house. In his written statement, appellant told of recruiting others to participate in the robbery and admitted that he accompanied the others to the address.

Although he denied a direct participation in the attempt to enter the house or in the shooting, in his written statement he said that after the occurrence Douglas asked him if he knew any other places. He said that he told Douglas "no ... and that I didn't want to do nothing like that again." At the close of his statement, the questioning officer asked him if he would like to add anything to the statement to which he replied, "I knew that we were wrong, and I'm sorry for doing it and I'm scared."

■ Appellant claims the trial court erred in allowing the State to move for a joinder of appellant and Douglas on the day of trial and further that the court erred in granting the State's motion for the joinder in view of the fact Douglas had given a statement implicating appellant. On May 11, 1983, the State moved to transfer appellant's case from Superior Court, Criminal Division II, to Superior Court, Criminal Division IV. This transfer was accomplished on May 13, 1983. The State's motion stated in part: "That these cases are identical and for the sake of judicial economy should be transferred under the jurisdiction of one Court so they may be handled by one Deputy Prosecutor and tried at the same time." Although the State did not make a formal motion to consolidate the two cases until July 5, 1983, the trial judge was correct when in granting the State's motion to consolidate he stated: "These matters were both set for trial today and all have been aware for some time they were going to trial jointly."

■ As to Douglas' statement implicating appellant, certain portions were redacted before it was placed in evidence. However, there were unredacted portions implicating appellant. It is also true that Douglas did not testify at the trial. If we would assume for the sake of argument that given these facts it was error to allow Douglas' statement in evidence, we hold that such error would be harmless in that the statements made by Douglas were in essence admitted by appellant in his statement. *Richardson v. State* (1978), 268 Ind. 61, 373 N.E.2d 874. We see no reversible error either in the consolidation of the

cases or in the placing of Douglas' statement into evidence.

██ Appellant claims the evidence is insufficient to sustain the jury's verdict. Appellant relies heavily upon his own statement that he did not wish to participate in the robbery. However, his own statement given shortly after his arrest furnishes evidence from which the jury could deduce that he did in fact collaborate with others in the attempted robbery which resulted in the shooting. Appellant's statement standing alone is sufficient to sustain the conviction.

██ Appellant contends the trial court erred in requiring counsel to make their opening statement before he indicated what preliminary instructions would be given, and at the close of trial he again erred in holding a conference to settle instructions after counsel had made their final arguments. There is no doubt that such procedure is in direct violation of Ind.R. Cr.P. 8 and Ind.R.Tr.P. 51. However, in the case at bar, appellant made no objection to this procedure. In addition, neither appellant nor the State tendered any instructions nor did they file any objections to the instructions given by the trial court. The issue was waived by appellant's failure to object. *Suggs v. State* (1981), Ind., 428 N.E.2d 226.

Although the trial court's procedure was highly irregular and in violation of the rules, we do not see that any reversible error occurred.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., dissents without separate opinion.