MASSA, Justice,
concurring in result.
I agree that, for reasons clearly stated in Part III of the Court’s opinion, the postconviction court properly denied Garrett’s ineffectiveness claim; thus, I concur in result. I do not, however, share my colleagues’ belief that “there is a reasonable possibility that the evidentiary facts used by the jury in the first trial to establish the essential elements of Rape, for which Garrett was acquitted, may also have been used on retrial,” and therefore I cannot join the Court’s conclusion “that Garrett was twice prosecuted for the same offense in violation of Article 1, Section 14 of the Indiana Constitution.” Op. at 728.
As the Court notes, Garrett was retried to the bench, not to a jury. The record is clear that, in this second trial, the trial court, prosecution, and defense all understood that the two separate rapes were charged in chronological order and that Garrett was being retried for the alleged “Rape B” only. Op. at 722. This does not mean that the victim had to confíne her testimony in the second trial solely to Rape B, omitting all details of what transpired earlier in the evening; our jurisprudence does not require such a stilted, redacted and devoid-of-eontext presentation. (How, for instance, could she testify she was raped “again” without mentioning the first rape?) We trust trial judges to separate wheat from chaff, permitting them, for instance, to render a verdict even after being exposed to inadmissible evidence that would irreparably taint a lay jury. See Birdsong v. State, 685 N.E.2d 42, 47 (Ind.1997) (“when a trial is before a bench and not a jury, we generally presume that the trial judge considers only relevant and probative evidence in reaching its decision ... Unless the defendant presents evidence to the contrary, we presume no prejudice.” (citing Coleman v. State, 558 N.E.2d 1059, 1062 (Ind.1990))); see also Misenheimer v. State, 268 Ind. 274, 280, 374 N.E.2d 523, 528 (1978) (“It can be presumed that a trial judge is not swayed by evidence which is considered prejudicial before a jury ... [and] that he disregarded inadmissible evidence.”).
I am confident that the experienced trial judge in this case performed just such a threshing here. Although the judge heard a fuller account of the victim’s terrible ordeal, I presume — as our precedent requires I presume, where, as here, there is no evidence to the contrary — that she deliberated only on the evidence supporting Rape B. Thus, the defendant was not “put in jeopardy twice for the same offense” as we have interpreted that language from our Indiana Constitution in Richardson and its evolving progeny.