NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 8, 2021[*]
Decided November 9, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1711

| | |
|---|---|
| DONALD L. JACKSON, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of |
| | Indiana, Indianapolis Division. |
| *v.* | No. 1:20-cv-02493-TWP-DML |
| ROBERT E. CARTER, et al., | Tanya Walton Pratt, |
| *Defendants-Appellees*. | *Chief Judge*. |

**O R D E R**

Donald Jackson, an Indiana prisoner, submitted two petitions seeking his freedom under the clemency power granted to the Governor by the Constitution of Indiana. His prison's warden summarily recommended denial of the first petition, and Jackson submitted a second petition in March 2020, which the prison has yet to send to

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the Indiana Parole Board for review. Jackson filed a lawsuit under 42 U.S.C. § 1983, arguing that prison officials violated his federal due-process rights by denying him access to the clemency process. The district court dismissed the complaint at screening, concluding that Jackson lacks a protected interest under the Due Process Clause because there is no entitlement to clemency. Because Jackson indeed lacks a substantive interest that the federal Constitution protects, we affirm.

For purposes of this appeal, we take as true all well-pleaded facts alleged by Jackson. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Jackson first submitted a clemency petition to prison officials in 2019. After seven months of attempting to determine the status of his petition, Jackson learned that the warden had denied it within a few weeks—despite an Indiana Department of Correction policy requiring the warden to forward petitions to the Parole Board (which, in turn makes a recommendation to the Governor). Jackson spent an additional six months fruitlessly corresponding with prison officials as he attempted to determine why his petition had not been sent to the Parole Board as required. Ultimately, he was told that he could reapply for clemency. Two prison officials assisted Jackson in preparing and submitting a second clemency petition in March 2020, but the prison has yet to confirm sending the petition to the Parole Board.

Jackson sued eight prison officials, the Commissioner of the Indiana Department of Correction, and the company that operates his prison under 42 U.S.C. § 1983. Among other claims, he alleged that the defendants were deliberately indifferent to his First and Fourteenth Amendment rights by depriving him of access to the clemency process, and that the warden violated those rights by unilaterally denying his first clemency petition without the authority to do so.

The district court screened the complaint under 28 U.S.C. § 1915A and determined that it failed to state a claim upon which relief could be granted. As relevant here, the court dismissed Jackson's claim that prison staff violated his right to due process. It concluded that Jackson lacked "a due process right to file a clemency petition," because he had no expectation of receiving clemency.

Before entering judgment, the district court permitted Jackson an opportunity to show cause as to why his claims should not be dismissed. Jackson contested only the conclusion that he had no due-process right to file a clemency petition. The district court determined that, even if Jackson had such a right, he was not deprived of it, as his second petition was currently pending. And even if the prison had violated Department

of Correction policy in how it processed his clemency petitions, those violations would not provide grounds for a federal claim.

On appeal, Jackson challenges the district court's dismissal of his due-process claim. Specifically, he contends that even if he has no protected interest in receiving a favorable clemency decision from the Governor—and therefore could not challenge a denial of his petition—the Due Process Clause nonetheless protects his interest in fair access to the application process. It is beyond dispute that Indiana law creates a right to petition for clemency and sets forth the procedural steps for applying for it. IND CONST. art. 5, § 17; IND. CODE §§ 11-9-2-1 to -4. But that interest is not protected by the federal Due Process Clause. *See Manley v. Law*, 889 F.3d 885, 890 (7th Cir. 2018) ("Procedural due process does not protect every conceivable legal interest.").

The Due Process Clause protects specific interests: life, liberty, and property. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 538 n.3 (1985). But it does not *convey* those substantive interests: they derive from an independent source, such as state law or public contracts. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972); *Cheli v. Taylorville Cmty. Sch. Dist.*, 986 F.3d 1035, 1039 (7th Cir. 2021). Only with a "legitimate claim of entitlement" to some benefit may a plaintiff use the Due Process Clause to challenge a deprivation. *Roth*, 408 U.S. at 577.

We take Jackson at his word that he is not claiming an entitlement to obtaining clemency. (This is a wise position, because there is no such entitlement under Indiana law, which leaves the decision to the Governor's exclusive discretion. *Misenheimer v. State*, 374 N.E.2d 523, 532 (Ind. 1978).) But that means Jackson's only interest is in process itself—and, as we have just said, the Due Process Clause protects against the unlawful deprivation of a substantive interest. *See Olim v. Wakinekona*, 461 U.S. 238, 250 n.12 (1983). Put another way, state procedural laws do not create a liberty or property interest protected by the Due Process Clause. *Id.* at 250–51; *Lafayette Linear v. Vill. of Univ. Park*, 887 F.3d 842, 844 (7th Cir. 2018). What Jackson wants of us is to compel state actors to follow the clemency procedures that Indiana law prescribes, such as requiring the prison to forward an application to the Parole Board for a recommendation to the Governor. But a state actor's failure to follow state-delineated procedures does not implicate federal due process. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019). Therefore, Jackson did not state a claim for relief under § 1983.

AFFIRMED