## SCOTT v. DISTRICT OF COLUMBIA.
### No. 1359.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 24, 1953.

Decided Oct. 13, 1953.

Rehearing Denied Nov. 3, 1953.

Frank D. Reeves, with whom Curtis P. Mitchell, Washington, D. C., was on the brief, for appellant.

Hubert B. Pair, Asst. Corp. Counsel, with whom Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

The government charged that defendant Scott had engaged in the business of selling taxable personal property (alcoholic beverages) and had failed to file returns and pay taxes thereon, in violation of the District of Columbia Sales Tax Act.[1] Defendant was also charged with failure to obtain a

1. Code 1951, §§ 47–2602, 47–2612, 47–2625.

certificate of registration as required by the Act.[2] He was tried without a jury and convicted.

New counsel came into the case and argued on his behalf a motion for new trial. Several reasons were urged on the trial judge for setting aside the conviction. In our view the most important was a constitutional question: the contention that defendant did not have effective assistance of counsel because (as his new attorneys have stated it in their brief in this court) "defense counsel at the trial was in the untenable position of representing at one and the same time both the appellant and the Government's principal witness against appellant."

The witness referred to was a man named Postell who had allegedly worked for defendant, and without whose testimony the prosecution would have failed. At the time of the trial there were pending against Postell two charges of violation of the Alcoholic Beverage Control Law. At the outset of the trial the attorney for defendant revealed to the court that he had received information that Postell had been promised a withdrawal of the two charges against him as a reward for his testimony against Scott in this case. In the course of a thorough cross-examination by defendant's attorney Postell denied this, but said his reason for testifying was that Scott had threatened him and that he "had a warrant for Scott for breaking my nose. * * * I know Scott, and I know what he has done in the past, and that my life is no better than a dime if he comes after me, that is the only reason. I have a warrant for him downstairs that has never been served for four or five months, that is my only reason."

At the argument on the motion for new trial the prosecutor admitted that he had dismissed the two charges against Postell immediately after Scott's conviction in this case.[3]

At the trial, Scott's lawyer in arguing for an acquittal admitted that "unfortunately" he was also representing Postell in the two cases above referred to, that "I do know some things which I cannot divulge to the court," and that he was on the "inside" as to both Postell and Scott. He revealed an embarrassed and gingerly attitude with reference to his dual fiduciary capacity. We think it is apparent and beyond question that the interests of Postell were adverse, and highly so, to those of the defendant. And we think it was impossible for the trial attorney to have given defendant the undivided and undiluted fidelity to which he was entitled.[4] He was presumably attempting to establish the innocence of Scott at the same time that he was under a duty to protect the rights of Postell, between whom and Scott there was such marked and unmistakable enmity. In the tangle of conflicting interests it seems almost inevitable that the defense of Scott lost that stout and unswerving loyalty which the law demands.

Provision was made in the Bill of Rights for the assistance of counsel in criminal proceedings in Federal courts. The sixth amendment guarantees a basic right that is not merely formal. It is substantial. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 1022, 82 L.Ed. 1461. There the Supreme Court said: "It embodies a realistic recognition of the obvious truth that the average defendant does not have the professional legal skill to protect himself when brought before a tribunal with power to take his life or liberty * * *. The purpose of the constitutional guaranty of a right to counsel is to protect an accused from conviction resulting from his

2. Code 1951, § 47–2623.

3. The prosecutor admitted to the court that he had told Postell "it looks to me that a man who has stuck his neck out to the extent you have, I feel that since you have seen fit on your own to become a Government witness, that the least I can do is to drop the charges against you."

4. See Canons of Professional Ethics, Reports of American Bar Association, 1935, Volume 60, page 683, et seq.

own ignorance of his legal and constitutional rights * * *." To the same effect is Johnson v. United States, 71 App. D.C. 400, 110 F.2d 562.

The Supreme Court had occasion in a still later case to consider a situation where an attorney had represented adverse interests and the effect of such dual representation upon the guaranty of the sixth amendment. In Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, a trial judge had over objection of Glasser appointed counsel retained by Glasser to also represent a co-defendant. It was apparent that because of a desire to protect the co-defendant whose interests may have conflicted with those of Glasser, the attorney had not fully presented Glasser's defense. The Supreme Court concluded that Glasser had been denied effective assistance of counsel in contravention of the sixth amendment, and reversed his conviction.

In urging affirmance the Government reminds us that we have said that "one who selects his own counsel cannot escape the consequences of the actions of that counsel. No court can undertake to protect an accused from all errors of commission or omission of his lawyer."[5] There the defendant's attorney (but who was not of record) did not appear on the day set for trial. An attorney who had previously been appointed by the court and was still attorney of record, and who had ample time to prepare the case, was required to go to trial. The trial judge refused a postponement to permit the counsel who was not of record to appear. It appeared that there was a simple legal issue involved, the appointed attorney was given an opportunity to familiarize himself with the case and did in fact ably represent the defendant. Moreover, there was no showing that there were witnesses favorable to defendant who might have been obtained. In those circumstances, we ruled, defendant had not been denied effective assistance of counsel. It would be laboring the obvious to attempt further

elaboration on the differences between that case and this.

 Like the Supreme Court in Glasser, we do not know just how much prejudice resulted to defendant, nor does it matter. "To determine the precise degree of prejudice sustained by [defendant] * * * is at once difficult and unnecessary. The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." Glasser, supra, 315 U.S. at pages 75–76, 62 S.Ct. at page 467, 86 L.Ed. 680; see also Coplon v. United States, 89 U.S. App.D.C. 103, 191 F.2d 749 certiorari denied, 342 U.S. 926, 72 S.Ct. 363, 96 L.Ed. 690; and Caldwell v. United States, D.C. Cir., 205 F.2d 879.

Courts have a duty to protect the essential rights of an accused. In the exercise of that duty it seems clear that we have no alternative except to order a new trial.

Reversed with instructions to award a new trial.

---

5. Tolbert v. United States, D.C.Mun.App., 55 A.2d 91, 93, Appeal Denied by U. S.

Court of Appeals, No. 9668, January 14, 1948.