## MARSHALL *v.* STATE OF INDIANA.[1]

[No. 30,009. Filed February 20, 1962. Rehearing denied March 26, 1962.]

*Eugene B. Burns,* of Lebanon, for appellant.

*Edwin K. Steers,* Attorney General, and *Richard C. Johnson,* Deputy Attorney General, for appellee.

1. This appeal was assigned to the writer on January 24, 1962.

BOBBITT, J.—Appellant was charged by indictment under Acts 1941, ch. 148, §1, p. 447, being §10-3401, Burns' 1956 Replacement, with murder in the first degree, tried by jury, found guilty as charged and sentenced to the Indiana State Prison for life.

The sole question here presented is whether or not the trial court erred, and abused its discretion in admitting into evidence, over timely objection, State's Exhibits "B", "C", "D", "E" and "F", which are photographs of the deceased victim.

Appellant relies wholly upon *Kiefer* v. *State* (1958), 239 Ind. 103, 153 N. E. 2d 899, to sustain his position that such exhibits were not material to the issues in the case but were introduced only to inflame the emotions of the jury to his prejudice.

We said in *Kiefer* v. *State, supra,* at page 114 of 239 Ind.:

> "We recognize that photographs of a corpse are admissible in evidence, even though they portray a gruesome spectacle and may arouse passion and resentment against the defendant in the minds of the jury, *but* such photographs must be *material* and *relevant* and *tend to prove or disprove some material fact in issue.*"

We also stated in the Kiefer case that the relevancy of photographs picturing the scene of a crime, objects used in its commission, the body of the victim and other details enabling the jury to visualize what actually occurred, is detemined by the inquiry as to whether or not a witness would be permitted to describe the objects photographed.

Exhibits "B", "C" and "D" show the body of the deceased at the scene of the crime, the location of

the crime and swashes of blood around and near the body. They also show tire marks running through the blood and imprints of the tire on the street and across the body in the area of the knees. All of these facts were testified to by Officer Johnson, without objection, and the photographs while to a certain degree inflamatory, served, we think, only to illustrate to the jury matters which the witness Johnson had described in oral testimony. If his testimony regarding these facts was material and relevant and tended to prove or disprove some material fact in issue, it seems to follow logically that the same thing may be said about Exhibits "B", "C" and "D".

Objection was made to Exhibit "E" on the ground that the witness Johnson could not properly authenticate the photograph. Identification was later made by another witness and under this circumstance appellant's objection was properly overruled.

Exhibit "F" was identified as a "true and accurate representation of the body" that was previously described by the witness Johnson except that it had "been cleaned up."

The photograph representing Exhibit "F" shows only the wounds shown in Exhibit "A", except the blood shown on and over the body in Exhibit "A" had been removed so that Exhibit "F" shows only the clean fatal wounds which were described in detail by the physician who performed the autopsy.

The appellant was represented by able counsel and that he had a fair and impartial trial is not questioned; the *corpus delicti* was adequately proven and under the circumstances in the record here we cannot say, as a matter of law, that appel-

lant's substantial rights were prejudiced by the introduction of State's Exhibit "F".

The photograph designated as State's Exhibit "F" differs materially from Exhibits Nos. 13 and 14 in the Kiefer case. Exhibit "F" in the present case shows only a part of decedent's body and only the cleanly washed fatal wounds, which were described in detail by the physician who performed the autopsy; while Exhibit No. 13 in the Kiefer case showed the hands and instruments of the surgeon inside the decedent's chest while performing the autopsy, and Exhibit No. 14 showed additional incisions made in the performance of the autopsy. Neither of these, Exhibits Nos. 13 and 14, correctly showed the fatal wounds or the cause of death; nor would oral testimony describing the irrelevant things shown by these exhibits have been competent.

In our judgment State's Exhibits "B", "C", "D" and "F" do not fall within the class of photographs prohibited in the Kiefer case and were, for the foregoing reasons, properly admitted into evidence.

Appellant having failed to sustain his burden of showing reversible error, the judgment of the trial court must be affirmed.

Judgment affirmed.

Jackson and Landis, JJ., concur.

Arterburn, J., concurs in result.

Achor, C. J., concurs with opinion.

## Concurring Opinion

ACHOR, C. J.—I concur in the majority opinion on the basis of the facts therein stated and the controlling propositions of law applicable thereto. However, I

do not thereby intend to add precedent to nor extend the proposition of law enunciated in the case of *Keifer* v. *State* (1958), 239 Ind. 103, 117, 153 N. E. 2d 899, that pictures of a deceased victim of a murder, taken during autopsy, may not be introduced in evidence because they do not "correctly show" the wounds which were the cause of death. If such pictures serve to establish the cause of death they are material and, therefore, admissible.

In my opinion the fact that it may be necessary to open a wound with the use of instruments, etc., in order to demonstrate the size, depth and nature of the penetration, such unnatural opening of the wound does not render pictures thereof inadmissible, even though such an exposure of the internal human anatomy may be gruesome and therefore offensive to the sensitivities of members of the jury.

Murder, by its very nature, is a gruesome "business." One who takes the life of another human being cannot, with propriety, object to the full exposure of the wounds which he inflicted upon the body of his victim, merely because such evidence may tend to inflame the jury.

Arterburn, J., concurs.

NOTE.—Reported in 180 N. E. 2d 233.