MARILYN DRAKE v. STATE OF INDIANA

[No. 1-377A53. Filed November 29, 1977.]

*Richard L. Wilder*, of Bloomington, for appellant.

*Theodore L. Sendak*, Attorney General, *Elmer Lloyd Whitmer*, Deputy Attorney General, for appellee.

ROBERTSON, C.J.— Appellant-defendant Marilyn Drake (Drake) appeals from her conviction in a bench trial of aggravated assault and battery for which she was sentenced to the Indiana Women's Prison for a period of not less than one year nor more than five years and was fined in the amount of $100 plus costs. Drake's sentence was suspended and she was placed on probation for two years. We affirm.

Her arrest upon information and subsequent conviction on the charge grew out of an altercation at the Kirkwood Bar in Bloomington in which one Noble Baugh was stabbed repeatedly by Drake. Though the record does not present a clear picture of the past encounters between Baugh and Drake, it is clear, however, that the two were not on the most pleasant of terms before the incident at issue. Their problems centered about one Viola Brummett who, from all indications in the record, was the object of sexual interests of both Baugh and Drake.

The facts most favorable to the State are as follows:

Drake and Brummett, who shared a house, went to the Kirkwood one afternoon in July, 1975. The two had just ordered beers at a booth when Baugh entered the bar. Baugh nudged Brummett and sat down next to her at the booth. Contemporaneously, Drake either moved from the other side of the booth at which Viola and Baugh were sitting or came from the bar to a position behind Baugh. Thereafter, Drake pulled a knife and began stabbing Baugh. A scuffle ensued between Baugh and Drake which was eventually broken up by other bar patrons. After police arrived, Baugh was taken to the hospital, and Drake

was taken to the police station and was questioned after being advised of her *Miranda* rights. After making a statement, Drake was taken to the hospital for treatment.

Drake raises the following issues for our review:

1. Whether the trial court erred in denying Defendant's Motion to Suppress her tape recorded statement to Bloomington police, such motion being made prior to trial, on grounds that the statement was not voluntary and was made without the presence of counsel.

2. Whether there was sufficient evidence to support conviction in light of Defendant's claim of self-defense.

As to the first assertion, Drake argues that her physical and mental condition after the altercation was such that she could not understand the legal rights read to her by a police officer or have voluntarily waived them when she signed a written waiver.

Our Supreme Court in *Ortiz v. State* (1976), 265 Ind. 549, 356 N.E.2d 1188, 1191, outlined the legal standard to be applied in determining whether a statement was voluntary:

In determining whether a statement was voluntarily given, we look to all the circumstances surrounding its giving to determine whether it was "induced by any violence, threats, promises, or other improper influence." *Montes v. State* (1975), 263 Ind. 390, 332 N.E.2d 786, 792. The same test determines whether a waiver of the *Miranda* rights has occurred. *Nacoff v. State* (1971), 256 Ind. 97, 267 N.E.2d 165. The burden is on the State to prove beyond a reasonable doubt the voluntariness of the statement or waiver. *Burton v. State* (1973), 260 Ind. 94, 292 N.E.2d 790. In reviewing the trial court's ruling on the voluntariness of a statement or waiver, we do not weigh the evidence, but determine whether there is sufficient evidence to support the trial court's finding. *Raines v. State* (1971), 256 Ind. 404, 269 N.E.2d 378.

The evidence on Drake's condition is conflicting. The record indicates that her hand was cut and did require eight stitches after the fifty-minute interrogation. She also had some scratches on her body, some hair pulled out, and her glasses broken. However,

there was testimony by the interrogating police officer that in his opinion Drake's cut on her hand was not serious to the point of requiring immediate hospitalization.

In a case where the evidence on a motion to suppress in a pretrial hearing was conflicting, our Supreme Court in *Lane v. State* (1977), 266 Ind. 485, 364 N.E.2d 756, held that as a reviewing court it might not reweigh the evidence and disturb a trial court's findings based upon conflicting evidence. We, therefore, similarly decline to disturb the trial court's finding here.

The evidence as to Drake's alleged request or efforts to contact an attorney is likewise conflicting. Drake testified that prior to questioning she had requested to make a telephone call to contact her attorney. Drake also testified that she did not know the attorney's telephone number and contacted her mother to get the number. Drake alleges that she was unable to reach her attorney. The interrogating police officer testified, however, that he did not recall Drake requesting an attorney, although he did remember Drake having made a telephone call to her mother. He did testify that the phone call by Drake "would have had to have been either before the interview or after the interview." Drake alleges, although providing no authority on point for her proposition, that once she indicated that she wished to consult with an attorney the interrogation should have ceased. We observe that her contention that upon her failure to reach her attorney, the interrogating officer suggested that they should go ahead and take a statement is wholly unsupported by any other evidence in the record.

Moreover, in *Ortiz v. State, supra*, the court said "[t]he absence of an attorney is but one factor tending to disprove voluntariness, but it is possible for an accused to make a valid waiver without counsel." 356 N.E.2d at 1192. The court in *Ortiz* also said:

If, having been advised of his right to have an attorney present, a defendant chooses to proceed without legal advice to make a statement, in the mistaken belief that the content of the statement is exculpatory, he has made a voluntary statement. 356 N.E.2d at 1192.

At the hearing on the motion to suppress, Drake ultimately responded affirmatively to questioning by the court as to whether her rights had been explained to her and understood by her.

In light of Drake's answers to the questions propounded by the trial court, the undisputed fact that Drake was read her rights by one police officer before whom she signed a waiver form, and the interrogating officer's testimony both at the motion to suppress hearing and at trial that he asked Drake if she had been advised of her rights and received affirmative responses to that question before proceeding with questioning, we conclude that Drake knew of her right to counsel and to remain silent, intelligently waived her rights, and voluntarily gave her statement to police.

Finally, with regard to Drake's first assignment of error, the law is clear in Indiana that a reviewing court will not disturb a ruling by a trial court as to the admissibility of a confession[1] when it is based on conflicting evidence except for an abuse of discretion. *Cowell v. State* (1975), 263 Ind. 344, 331 N.E.2d 21 (citing cases). The trial court's finding here involved judging the credibility of witnesses. As the credibility of witnesses is within the province of the trier of fact, and the trier of fact in the case at bar was the trial court, we decline the invitation to disturb its discretionary ruling that the statement by Drake was admissible. We have found no abuse of discretion. The trial court did not err in the denying of Drake's Motion to Suppress.

Drake secondly asserts as error that the judgment of the court was contrary to the evidence at trial which, she contends, established that she acted in self-defense. We disagree.

With regard to a claim of self-defense in Indiana, our Supreme Court in *Franklin v. State* (1977), 266 Ind. 540, 364 N.E.2d 1019, recently held:

One of the elements of a valid claim of self defense is that the defendant was in real danger of death or great bodily harm, or

---

1. As "the term 'confession' means any confession of guilt of any criminal offense or any self-incriminating statement made or given orally or in writing." IC 1971, 35-5-5-5 (Burns Code Ed.), the statement in this case by defendant is included in the cited general rule of appellate review.

in such apparent danger as caused him, in good faith, to fear death or great bodily harm. *King v. State* (1968), 249 Ind. 699, 234 N.E.2d 465. The danger need not be actual, but the belief must be in good faith and the reaction must be reasonable.

> "* * * A man has a right to act upon appearances of actual and immediate danger, if he sincerely believes such apparent danger exists. The danger need not be actual. It need be only apparent to a reasonable person under the circumstances. The law protects persons who feel compelled to act at such times even though in retrospect it is proved they have erred. The law takes into consideration the surrounding circumstances under which the events took place." *Heglin v. State* (1957), 236 Ind. 350, 140 N.E.2d 98.

In the absence of a real danger, the fear justifying self defense must be based upon appearances which would be similarly perceived by a reasonable man in the same circumstances. 364 N.E.2d at 1021.

The only evidence to support Drake's claim that she acted to protect herself from what she alleged was an attack by Baugh was her own testimony. Her self-defense plea was predicated substantially upon prior difficulties which she and Baugh had experienced in the past involving their common interest in Viola Brummett.

There was no evidence, aside from Drake's testimony, that she was in any real danger at the Kirkwood Bar on the day of the occurrence. At trial, Noble Baugh denied attacking Drake, and testimony by other witnesses seems to bear out that position.

The evidence as to whether Drake was acting in self-defense is at best conflicting. Since the trier of fact may reasonably accept or reject a claim of self-defense, *Franklin v. State, supra* at 1022, the issue was one for the trial court to decide as trier of fact. We are convinced that there was substantial evidence of probative value to prove beyond a reasonable doubt that Drake's offense of aggravated assault and battery was not committed in self-defense.

Having found no error, we therefore affirm the conviction.

Lowdermilk and Lybrook, JJ., concur.

NOTE—Reported at 369 N.E.2d 941.