William COWELL, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 680S166.

Supreme Court of Indiana.

Feb. 23, 1981.

Harriette Bailey Conn, Public Defender of Indiana, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen. of Indiana, Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He was convicted by a jury of first-degree murder and sentenced to life imprisonment. The conviction was affirmed by this Court in a unanimous opinion, *Cowell v. State*, (1975) 263 Ind. 344, 331 N.E.2d 21. His petition now raises this sole issue:

1. Whether the defendant was denied his right to effective assistance of counsel.

In post-conviction proceedings, the burden of proof rests with the petitioner to establish his grounds for relief by a preponderance of the evidence. *Laird v. State*, (1979) Ind., 385 N.E.2d 452; *Davis v. State*, (1975) 263 Ind. 327, 330 N.E.2d 738. It is the responsibility of the judge hearing the petition to weigh the evidence and judge the credibility of witnesses, and his determination denying relief will be reversed only where the evidence is without conflict and leads unerringly to a result other than that reached by the trial court. *Baker v. State*, (1980) Ind., 403 N.E.2d 1069; *Riner v. State*, (1979) Ind., 394 N.E.2d 140.

First, defendant contends that his representation was inadequate due to a conflict of interest on the part of his trial attorney. The evidence discloses that after defendant's arrest, his wife contacted a local law firm and secured counsel for defendant, paying the firm with her own money. Several days after obtaining legal representation for defendant, she approached this same firm and secured representation for herself concerning some civil matters and an unrelated criminal charge against her.

At the time of defendant's trial, his attorney represented both the defendant and his wife. The wife and her daughter (defendant's stepdaughter) were subpoenaed by the state and testified as witnesses for the prosecution. It is undisputed that the firm was also retained by defendant's wife for the purpose of protecting her daughter whom the wife feared might be culpable as an accessory after the fact for transporting and harboring defendant following the murder.

Defendant postulates that there was some sort of a deal between the state and these witnesses that they would testify in exchange for nonprosecution of the respective criminal liabilities facing them. Defendant does not expand upon this argument but we assume he means that whether his trial attorney was actively involved in the alleged "deal" or not, he was probably aware of it and was therefore restrained in his cross-examination of these witnesses, not wanting to jeopardize the chance of favorable treatment for them.

Even assuming that such a deal did exist, there are several problems with defendant's argument. First, the wife's testimony as a prosecution witness did not implicate the defendant in any way. Therefore, there was nothing on which to cross-examine which might have placed defendant's attorney in a position of conflict. Second, and most important, while the daughter's testimony did implicate defendant, defendant at no time denied that he had committed the murder. Rather, having made a confession to police and admitting his guilt on the stand, his defense was that of insanity.

On cross-examination, defendant's attorney elicited from the daughter that at the time of the offense, she thought defendant was "sick" and "disturbed." In addition, although defendant's wife did later give testimony implicating defendant, it occurred during her role as a defense witness in which she described defendant's mental instability consistent with the insanity defense.

We certainly do not dispute case precedent which holds that a defendant is denied his constitutional right to effective assistance of counsel when his trial attorney, without defendant's knowledge and consent, concurrently represents a prosecution witness who gives damaging testimony and whose interests are adverse to those of defendant. *Stephens v. United States,* (5th Cir. 1979) 595 F.2d 1066; *Castillo v. Estelle,* (5th Cir. 1974) 504 F.2d 1243; *United States ex rel. Williamson v. LaVallee,* (E.D.N.Y. 1968) 282 F.Supp. 968; *Scott v. District of Columbia,* (D.C.Mun.App.1953) 99 A.2d 641, aff'd, (1954) 94 U.S.App.D.C. 227, 214 F.2d 860. However, as noted in *United States ex rel. Williams v. LaVallee, supra* :

"The mere fact of dual representation, standing alone, does not create a Sixth Amendment violation. A conflict of interest must first be established." *Id.* at 974.

We agree with the judge presiding at the post-conviction hearing that there was no conflict of interest under the facts of this case. Defendant admitted at the post-conviction hearing that he had told his trial attorney he had done the killing and that he had never proclaimed his innocence to him. Defendant asserted for the first time at the post-conviction hearing that he did not commit the murder. There having been no actual or possible conflict at the time of trial, we are not inclined to view defendant's previously unrevealed claim of innocence as grounds for establishing a conflict of interest and ineffective representation on the part of his attorney. *See Martin v. State,* (1974) 262 Ind. 232, 314 N.E.2d 60, *cert. denied,* (1975) 420 U.S. 911, 95 S.Ct. 833, 42 L.Ed.2d 841.

Next, defendant maintains that his right to effective assistance of counsel was violated because his trial attorney failed to obtain a psychiatrist to examine him and present evidence in his favor in time for trial. He also notes that due to his lawyer's failure to comply with statutory requirements, his motion for a continuance, in which more time was sought in order to secure the services of a particular psychiatrist, was denied. *Cowell v. State,* (1975) 263 Ind. 344, 331 N.E.2d 21.

The record of the original trial proceedings reveals that defendant's trial attorney represented to the court several days before trial that about a week prior to that, he first learned that several psychiatrists, who had submitted reports earlier indicating that they thought defendant was insane at the time of the crime, had reversed their opinion. He stated that attempts had been made to locate other psychiatrists who would be willing to examine defendant but that these attempts had been fruitless. In the motion for a continuance, defense counsel mentioned the name of a particular psychiatrist whom he thought would agree to examine defendant, but he was currently out of town. The motion was denied, and trial proceeded without any psychiatric testimony being offered on behalf of defendant.

Even assuming that defense counsel could have been more diligent in securing a psychiatric examination for defendant, we are not prepared to hold that defendant's

representation was so inadequate as to reduce the trial, taken as a whole, to a mockery of justice. *Baker v. State*, (1980) Ind., 403 N.E.2d 1069; *Huggins v. State*, (1980) Ind., 403 N.E.2d 332. This Court has consistently sought to determine if and how a defense attorney's alleged inadequacies have harmed defendant at trial. *Huggins v. State, supra; Crisp v. State*, (1979) Ind., 394 N.E.2d 115.

Here, defendant presented no proof at the post-conviction hearing that the psychiatrist whose attendance was sought via the continuance, or any other psychiatrist, would have testified in support of the insanity defense. Besides defendant himself, defense counsel called two lay witnesses who testified as to defendant's mental instability. Also, on cross-examination, defense counsel elicited from two lay witnesses for the state testimony very favorable to the insanity defense. Furthermore, we note that defendant was examined by two court-appointed psychiatrists. They testified that defendant was sane, but defendant's attorney extensively cross-examined them as well as the psychiatrist called by the state. We hold that defendant's contention that he was denied effective assistance of counsel is without merit.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.