Ronald E. WARD, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 3-782A178.

Court of Appeals of Indiana,
Third District.

April 26, 1983.

⌐◦⇒641.5

Susan K. Carpenter, Public Defender,
Ihor N. Boyko, Deputy Public Defender,
Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Stephan E. Wolter, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Ronald E. Ward (Ward) filed a Petition for Post-Conviction Relief. After a hearing before the trial court, his Petition was denied. Ward appeals, raising one issue: Whether Ward was denied effective counsel because his court-appointed attorney was also attorney of record for a prosecution witness.

Affirmed.

When David Farris (Farris) was charged with three crimes in early 1979, attorney Kenneth Watson (Watson) was appointed to represent him; however, when Farris himself called the Warren County prosecutor's office and volunteered to work with the State as an informant, contact between Farris and Watson ceased.

On August 27, 1979, Ward was charged with conspiracy to distribute marijuana and visiting a common nuisance. Watson was appointed to represent him. Through discovery, Watson found out that Farris would be a prosecution witness at Ward's trial. On November 1, 1979, Watson filed a Report to Court by Counsel, which set forth the facts regarding Watson's appointments to represent both Farris and Ward; the Report stated that the charges against Farris were still pending, that Ward had been advised of the possible conflict, and suggested a hearing. Following an omnibus hearing, the case was set for trial subject to plea bargain negotiations. Ward asserted his right to a jury trial; no plea bargain agreement was reached. After the jury was chosen, a trial commenced on November 14, 1979. Farris testified regarding his role in the sale of marijuana to an undercover policeman upon which the charges against Ward were based. Ward was found guilty of both charges and his conviction was affirmed by this Court. Ward filed a Petition for Post-Conviction Relief on July 6, 1981, which was amended on October 26, 1981. That same day, the trial court held a hearing on the petition. The petition was denied on March 2, 1982 and Ward appeals.

Our standard of review of the denial of a petition for post-conviction relief is clear. When a petitioner appeals from the denial of his petition, he is appealing from a negative judgment because he has the burden of proving the allegations in his petition by a preponderance of the evidence. Therefore, the determination of the trial court, which is the sole judge of the credibility of witnesses and the weight of the evidence, will be reversed only if the evidence is without conflict and leads unerringly to a contrary result. *State v. Clanton* (1982), Ind.App., 443 N.E.2d 1204.

The Sixth Amendment guarantees the right to effective assistance of counsel and the United States Supreme Court has recognized that this right may be impaired by conflicting interests on the part of defense counsel. *Glasser v. United States* (1942), 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. The representation of codefendants may create such a conflict; however, the mere representation of multiple interests does not, *per se,* violate the Sixth Amendment guarantee. *Richardson v. State* (1982), Ind., 439 N.E.2d 610. Likewise, the conflict of interest claim may arise when an attorney represents a defendant and an adverse witness. Although the concurrent representation of an adverse witness and a defendant, without the defendant's knowledge and consent, violates the constitutional right to effective counsel, mere dual representation does not create such a violation. *Cowell v. Duckworth* (N.D.Ind.1981), 512 F.Supp. 371, 373.

Because of the conflicts possible in multiple representation, a defendant who objects to such representation must be given the opportunity to demonstrate that his right to a fair trial is jeopardized. However, unless the trial court denies him that opportunity, the reviewing court will not presume that the possible conflict resulted in ineffective assistance of counsel. *Cuyler v. Sullivan* (1980), 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333. A defendant who did not object at trial must demon-

strate that his lawyer's active representation of conflicting interests affected the adequacy of his performance. *Id.* at 348–350, 100 S.Ct. at 1718–1719. Furthermore, a defendant may waive his right to representation by counsel unencumbered by conflicting interests. *Holloway v. Arkansas* (1978), 435 U.S. 475, 483 n. 5, 98 S.Ct. 1173, 1178 n. 5, 55 L.Ed.2d 426.

■ Before Ward's trial, his attorney filed a request for guidance with the trial court, setting forth the facts regarding his representation of Ward and Farris. Following an omnibus hearing, the case was set for trial. In this proceeding, Ward argues that the request for guidance is "tantamount to an objection." (Brief of Appellant at 14.) However the record indicates no objection when the trial setting was confirmed or at trial, and the request seeks nothing beyond a hearing and guidance. We cannot presume an objection where the record shows none. At the hearing on Ward's petition, Watson testified that he had discussed the dual representation with Ward and Ward wanted Watson to continue to represent him. Ward himself acknowledged that he knew Watson was representing Farris. Thus the record supports a determination that Ward not only did not object, he actively consented to being represented by Watson, despite any potential conflicts.

■ Ward has failed to demonstrate that he was forced to go to trial represented by an attorney with possible conflicts of interest; therefore, he must show that an actual conflict existed and affected Watson's performance. *Cuyler v. Sullivan, supra; Richardson v. State, supra.*[1] The record contains evidence which supports the trial court's determination that Ward did not show an actual conflict affecting Watson's performance. At the time of Ward's

trial, Watson was the attorney of record for Farris. The charges against Farris were filed several months before the charges against Ward, and were based on unrelated transactions. Farris contacted the prosecutor's office himself to offer to act as an informant; Watson was not involved in any negotiations. Once Farris volunteered to assist the State, an action which led to his participation in the transaction resulting in the charges against Ward, Watson had no further contact with Farris. Watson only learned through discovery that Farris would testify and he had to contact the prosecutor's office in order to locate Farris prior to Ward's trial. At trial, Watson vigorously cross-examined Farris, eliciting information regarding the charges pending against Farris, his hopes for a reduced sentence in return for his work as an informant, and payments made to him by the State for his expenses. There is no indication that Watson had obtained any confidential information relevant to cross-examination from his representation of Farris which he was reluctant to use because of his ethical obligations to maintain client confidences. *Compare Ross v. Heyne* (7th Cir. 1980), 638 F.2d 979. There is also no indication that Watson failed to cross-examine Farris vigorously out of an obligation to represent Farris's interests; Watson was not involved in any arrangement between Farris and the State. *Compare Cowell v. Duckworth, supra* (Federal writ of habeas corpus granted where attorney represented defendant and two prosecution witnesses who could be charged with being accessories after the fact).[2]

The record contains evidence to support the determination that Watson was not actively representing conflicting interests at the time of Ward's trial, and the determination that his appearance as attorney of rec-

---

1. We recognize that unconstitutional multiple representation is never harmless error so prejudice need not be shown. *Glasser v. United States, supra.* However, Ward must first show that the multiple representation was unconstitutional by demonstrating that an actual conflict impaired Watson's performance. *Cuyler v. Sullivan, supra.*

2. The federal action was brought after the Indiana Supreme Court affirmed the trial court's denial of a petition for post-conviction relief on the grounds that no actual conflict had been shown. *Cowell v. State* (1981), Ind., 416 N.E.2d 839.

ord for Farris did not impair his representation of Ward. Therefore, we affirm the trial court's denial of post-conviction relief.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.