**Thomas CLAY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 685S222.**

Supreme Court of Indiana.

June 11, 1987.

Susan K. Carpenter, Public Defender, Eric Koselke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This appeal arises from the denial of a petition for post-conviction relief. On August 22, 1973, appellant was sentenced to life imprisonment for the crime of kidnapping. This court affirmed his conviction on direct appeal. *Clay v. State* (1976), 264 Ind. 495, 346 N.E.2d 574.

There are two issues presented for review: (1) whether appellant was denied his right to effective assistance of counsel at trial; and (2) whether the issues presented in appellant's petition for post-conviction relief were waived under the doctrine of laches.

I

Appellant contends he received ineffective assistance of counsel at his trial. In reviewing ineffective assistance claims, these guidelines are followed:

"The proper standard for attorney performance is that of reasonably effective assistance. * * * Judicial scrutiny of counsel's performance must be highly deferential. * * * * * * the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. * * * A * * * claim * * * has two components. First the defendant must show that counsel's performance was deficient. * * * Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

Appellant presents three premises in support of his ineffective assistance claim. Initially, he raises the failure of counsel to offer any expert medical testimony to support the plea of not guilty by reason of

insanity. The two court appointed doctors testified they believed appellant was sane at the time he committed the crime and the only "expert" called by the defense was a counsellor at the Marion County jail with an undergraduate degree in psychology.

When the insanity defense is raised, the performance of a defense attorney does not become substandard simply because he does not present an expert psychiatric witness to testify concerning his client's mental condition at the time of the crime. *Aubrey v. State* (1985), Ind., 478 N.E.2d 70; *Bevill v. State* (1985), Ind., 472 N.E.2d 1247; *Cowell v. State* (1981), 275 Ind. 252, 416 N.E.2d 839.

Five witnesses testified for the defense concerning appellant's behavior, before and after his duty in Vietnam, appellant testified in his own behalf and counsel for appellant cross-examined the two court appointed psychiatrists concerning their opinion as to appellant's sanity. The defense of insanity could be considered a legal avenue through which defense counsel could fully exploit appellant's wartime experiences and injuries and the effect these wrought on his marriage, life and relationships. Further, appellant presented no evidence at his post-conviction hearing that testimony by an expert stating he was insane at the time of commission of the crime was obtainable. *Aubrey v. State* (1985), Ind., 478 N.E.2d 70. While expert testimony would certainly have been beneficial to appellant's case, the method employed by counsel was not deficient.

Secondly, appellant presents counsel's failure to establish an adequate foundation to facilitate the admission of his military medical records. The record of the proceedings reveals that apparently the individual subpoenaed as the sponsoring witness for the records failed to appear for the trial. Further, counsel for appellant did not establish that the subpoena had been properly served or request a continuance to procure the attendance of the sponsoring witness.

It is apparent from his attempts at introduction that counsel believed the medical records would be beneficial to appellant's case and that keeping them from the jury was not a tactical decision. Counsel should have taken the necessary steps to establish a proper foundation for the admission of the records. However, in ruling on the admissibility, the trial judge observed:

"Having had an opportunity to examine them myself, they are hardly legible some of them. They make no sense and I am afraid that even with the keeper of these records present here that he could shed no light on what is in these records and I am afraid this would do nothing but confuse the jury."

He subsequently sustained the objection to their admission. The records offered by appellant at his post-conviction hearing consist of more than 250 pages, many illegible, and this court could locate only one entry reflecting appellant had reported having blackouts, with symptoms of amnesia and violent behavior. The remainder of these records do not appear relevant to the issue at hand. The trial judge's statements, combined with the volume and lack of clarity of the records, make it questionable whether they would have been admitted had a sponsoring witness appeared. Counsel should have provided the necessary foundation but this failure is not sufficient to render his performance deficient. The prejudicial effect to the defense also appears small as it is uncertain whether the jury would have gleaned the information appellant sought to have brought to their attention.

Lastly, appellant asserts his trial counsel was ineffective by failing to call two character witnesses purportedly requested by appellant. However, appellant did not present the witnesses either in person or by affidavit at his post-conviction hearing. Rather, he related his version of what he believed the testimony of the witnesses would have been. His attorney cannot be faulted for failure to present the witnesses when the nature of their theoretical testimony is only speculative. Appellant has not presented sufficient evidence to support his allegation that he received ineffective assistance of counsel.

## II

In its answer to appellant's petition for post-conviction relief, the State raised the affirmative defense of laches but presented no evidence on laches at the post-conviction hearing. The post-conviction judge filed findings of fact and conclusions of law at the same time he denied the petition for relief. The last paragraph of the conclusions of law stated:

> "All of the issues contained in the Petitioner's Petition have been waived as grounds for post-conviction relief under the doctrine of laches since they were available to Petitioner since the denial of his direct appeal on May 7, 1976.

Appellant asserts that the post-conviction court erred in determining the doctrine of laches applied to the issues raised in his petition for post-conviction relief. Laches is an affirmative defense and the party raising such a defense has the burden of proof by a preponderance of the evidence. *Twyman v. State* (1984), Ind., 459 N.E.2d 705. The mere passage of time alone is not sufficient to support a defense of laches. *Twyman, supra; Gipson v. State* (1985), Ind., 486 N.E.2d 992. Some showing of prejudice to the State is necessary to support the affirmative defense. *Twyman, supra; Gregory v. State* (1984), Ind., 463 N.E.2d 464.

Since the State failed to present any evidence supporting a defense of laches, the conclusion of law reached by the post-conviction judge was error. However, the judge also individually addressed each issue raised by appellant in his petition for post-conviction relief. The erroneous conclusion of law concerning laches does not negate the conclusions of law reached on the individual merits of each issue raised. *Shropshire v. State* (1986), Ind., 501 N.E.2d 445.

The denial of post-conviction relief is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.