## Jaye EDWARDS, Appellant–Defendant,

v.

## STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0308–CR–425.

Court of Appeals of Indiana.

April 27, 2004.

Kenneth T. Roberts, Roberts & Bishop, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Jaye Edwards appeals her conviction for sexual misconduct with a minor as a class B felony.[1] She raises two issues, which we restate as:

I. Whether Edwards was denied the effective assistance of counsel; and

II. Whether the evidence is sufficient to sustain Edwards's conviction for sexual misconduct with a minor as a class B felony.

---

1. Ind.Code § 35-42-4-9 (Supp.2003).

We affirm.

The facts most favorable to the conviction follow. In late 2000, G.D. lived with Edwards's thirty-seven-year-old husband Raymond Edwards ("Husband"), twenty-four-year-old Edwards, and their children in Indianapolis, Indiana. Husband and Edwards told G.D. that they wanted somebody else to come and stay at their house because they wanted "[s]omebody to be sexually involved with." Transcript at 46. In November 2000, G.D. asked her friend, fourteen-year-old H.M., to come and stay at Edwards's house. When G.D. asked Husband and Edwards if H.M. could come over, they asked G.D. "if [H.M.] was sexually active and what kind of stuff she did." *Id.* at 46, 48. H.M. agreed to go to Edwards's house. On the night of H.M.'s second visit to Edwards's house, Edwards and Husband gave H.M. alcohol to drink. That night, G.D. observed Edwards engaging in oral sex with H.M. The next morning, H.M. woke up wearing no underwear and only a pajama top, and she was "on the toilet with [her] head down." *Id.* at 13. H.M. also had some vaginal soreness. H.M. began spending more time at Edwards's house, and she had a sexual relationship with both Edwards and Husband. During the course of H.M.'s stay at Edwards's house, she engaged in oral sex with Edwards approximately fifteen times. Both Edwards and Husband knew that H.M. was fourteen-years-old.

Teresa Stevens was Edwards's neighbor, and one afternoon, Edwards went to Stevens's house and told her that H.M. was pregnant and that Edwards and Husband had been having sex with H.M. Husband arrived, interrupting the conversation, and when he learned that Stevens knew about his sexual relationship with H.M., he said "well I'm not the only one,

[Edwards is] doing her too." *Id.* at 76. H.M.'s pregnancy ended in a miscarriage.

In the fall of 2001, Husband hit H.M. when she refused to have sex with him, and H.M. left and went to Stevens's house. H.M. was "crying, upset, and shaken," and H.M. told Stevens that she had been having a sexual relationship with Edwards and Husband. *Id.* at 78. Stevens told H.M. that she was not going back to Edwards's house, and the next morning, Stevens called the police.

The State charged both Edwards and Husband with three counts of sexual misconduct with a minor as class B felonies. Edwards and Husband had a joint bench trial and were jointly represented by the same counsel. The trial court found Edwards guilty of one count of sexual misconduct with a minor as a class B felony.[2] The trial court sentenced Edwards to ten years in the Indiana Department of Correction with four years suspended.

## I.

The first issue is whether Edwards was denied the effective assistance of trial counsel. Edwards argues that she received ineffective assistance of counsel because of a conflict of interest resulting from the joint representation of both Edwards and Husband. The federal constitutional right to effective assistance of counsel necessarily includes representation that is free from conflicts of interest. *Woods v. State,* 701 N.E.2d 1208, 1223 (Ind.1998), *reh'g denied, cert. denied,* 528 U.S. 861, 120 S.Ct. 150, 145 L.Ed.2d 128 (1999). The Sixth Amendment right to counsel encompasses a right to counsel of one's choice. *Latta v. State,* 743 N.E.2d 1121, 1127 (Ind.2001) (citing *Powell v. Alabama,*

287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932).) Therefore, joint representation is not a per se violation of the constitutional guarantee of effective assistance of counsel. *Hanna v. State,* 714 N.E.2d 1162, 1166 (Ind.Ct.App.1999), *trans. denied.* Moreover, under some circumstances, a defendant may waive the right to conflict-free representation. *Ward v. State,* 447 N.E.2d 1169, 1170–71 (Ind.Ct.App.1983). In fact, a defendant may benefit from joint representation: "A common defense often gives strength against a common attack." *Latta,* 743 N.E.2d at 1127–1128 (quoting *Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978)).

In order to establish a violation of the Sixth Amendment due to a conflict, a defendant who failed to raise the objection at trial must demonstrate: (1) that trial counsel had an actual conflict of interest; and (2) that the conflict adversely affected counsel's performance. *Cuyler v. Sullivan,* 446 U.S. 335, 348–349, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980); *see also Woods,* 701 N.E.2d at 1223 (discussing *Cuyler* ). Once the two prongs of *Cuyler* are met, prejudice is presumed. *Woods,* 701 N.E.2d at 1223.

Because Edwards did not object to having joint counsel at trial, we must determine whether she has proven the two requirements outlined in *Cuyler v. Sullivan.* Edwards's argument that she has met both prongs of *Cuyler* stems from the trial testimony of Stevens, who testified that during a conversation between her and Husband, Husband admitted to having a sexual relationship with H.M., but also said, "well I'm not the only one, [Edwards is] doing her too." Transcript at

---

**2.** The trial court found Husband guilty of two counts of sexual misconduct with a minor as class B felonies, and sentenced Husband to seventeen years in the Indiana Department of

Correction with four years suspended and three years probation. Husband is not a party to this appeal.

76. Edwards's trial counsel did not object to the testimony, but he did question Husband about the statement, which Husband denied making. Edwards argues that the conflict of interest that resulted from her trial counsel's joint representation of her and Husband adversely affected her trial counsel's performance.[3] Specifically, she argues that because of her counsel's conflict of interest, he failed to object to Stevens's testimony and then failed to vigorously question Husband about his statement.[4]

First, we must determine whether there is an actual conflict of interest. There was no conflict here of the sort present where co-defendants are charged with committing a single criminal act and each does, or might, claim that the other did it. Here, the co-defendants were charged with similar but separate criminal acts against the same victim. The guilt of each of them is not dependant on the guilt of the other. The conflict here, as the State recognizes, is that a statement made by Husband to Stevens that incriminates him also incriminates Edwards. Presumably, as counsel for Edwards, counsel could have objected to admission and use of the statement against Edwards. He did not, nor did he object to the statement made by Edwards that incriminated Husband as well as Ed-

---

**3.** Edwards also argues that "joint representation in this case was fundamental error encroaching on [her] right to effective counsel and should be considered although no formal objection was raised." Appellant's Brief at 10. However, in *Latta v. State*, 743 N.E.2d at 1132, our supreme court addressed the relationship between fundamental error and ineffective assistance of counsel claims rooted in a conflict of interest allegation and held that:

> *Cuyler* expressly sets forth the standard to follow where an ineffectiveness claim is based on counsel's conflict of interest. Because it involves balancing the conflicting Sixth Amendment interests, the merits of the claim may depend on the circumstances leading up to the defendant's consent to joint representation, but it has nothing to do with fundamental error.

Thus, we will not address the merits of Edwards's fundamental error claim.

**4.** Edwards argues that Stevens's testimony violated *Bruton v. U.S.*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). However, Edwards fails to develop a cogent argument or even provide the relevant citations to authority. Failure to put forth a cogent argument acts as waiver of the issue on appeal. *Davenport v. State*, 734 N.E.2d 622, 623–624 (Ind. Ct.App.2000). Waiver notwithstanding, Edwards's argument is without merit.

In *Bruton*, the United States Supreme Court held that admission of one defendant's confession inculpating another defendant in a joint trial violated the other defendant's right to confrontation, even if the jury was instructed to ignore the statement. 391 U.S. at 135–137, 88 S.Ct. at 1627–1628. *Bruton* "is grounded in the right to confront witnesses, which includes the defendant's right to cross-examine adverse witnesses." *Latta*, 743 N.E.2d at 1126. Edwards argues that her trial counsel's failure to object to Stevens's inculpating statement and then his failure to vigorously cross-examine Husband amounted to a *Bruton* violation. However, even if we assume that Edwards's counsel contributed to a *Bruton* violation, "a denial of the right of confrontation can be harmless error where there is evidence supporting the conviction that is so convincing that the jury could not properly find otherwise." *Wright v. State*, 593 N.E.2d 1192, 1198 (Ind.1992), *cert. denied*, 506 U.S. 1001, 113 S.Ct. 605, 121 L.Ed.2d 540 (1992).

Here, H.M. testified that she had oral sex with Edwards approximately fifteen times, and Stevens testified that Edwards told her that she was having sex with H.M. Further, G.D. testified that on the second night H.M. was at Edwards's house, she observed Edwards and H.M. engaging in oral sex. Because there is evidence supporting Edwards's conviction that is so convincing that the trial court could not properly find otherwise, any *Bruton* violation due to Edwards's trial counsel's failure to object to Stevens's testimony as a *Bruton* violation was harmless error. *See, e.g., id.* (holding that there was no *Bruton* violation because admission of the incriminating statements was cumulative of other evidence admitted during trial).

wards. What he did was, in questioning each of the defendants, who each took the stand, get from each of them a denial that they had made any such statements. They also denied that they had had any sexual relations with H.M. The clear strategy was to contend that Stevens's testimony was false and that neither Husband nor Edwards had confessed to her. Such a strategy would not be helped, and could be hurt, by also raising objections to the admission and use of the alleged statements against the defendants. As a consequence, we cannot say that the conflict adversely affected the performance of Edwards's counsel.

Further, the information in Husband's statement was merely cumulative of other evidence admitted at trial. For example, H.M. testified that she had engaged in oral sex with Edwards approximately fifteen times, and Stevens testified that Edwards had told her that she was having sex with H.M. G.D. also testified that on the second night that H.M. was at Edwards's house, G.D. observed Edwards engaging in oral sex with H.M. Therefore, based upon our review of the record, we conclude that Edwards was not denied the effective assistance of trial counsel. *See, e.g., Woods,* 701 N.E.2d at 1223–1224 (holding that the defense counsel's conflict of interest did not adversely effect defense counsel's representation of the defendant).

## II.

The next issue is whether the evidence is sufficient to sustain Edwards's conviction for sexual misconduct with a minor as a class B felony. When reviewing a claim of sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Jordan v. State,* 656 N.E.2d 816, 817 (Ind.1995), *reh'g denied.* Rather, we consider the evidence most favorable to the judgment and the reasonable inferences therefrom. *Id.* We will affirm a conviction if evidence of probative value exists from which the trier of fact could find the defendant guilty beyond a reasonable doubt. *Id.*

The offense of sexual misconduct with a minor as a class B felony is governed by Ind.Code § 35–42–4–9 and provides:

> (a) A person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits sexual misconduct with a minor, a Class C felony. However, the offense is:
>
> (1) a Class B felony if it is committed by a person at least twenty-one (21) years of age.

Edwards argues the evidence is insufficient to sustain her conviction because, during the trial, she denied having a sexual relationship with H.M. Edwards's argument is without merit.

Here, Edwards's guilt was supported by the testimony of H.M., Stevens, and G.D. In particular, G.D. testified that Husband and Edwards had told her that they wanted somebody to come and stay with them at their house because they wanted "[s]omebody to be sexually involved with." Transcript at 46. G.D. further testified that when she asked Husband and Edwards if fourteen-year-old H.M. could come over, they asked G.D. "if [H.M.] was sexually active and what kind of stuff she did." *Id.* at 48. G.D. also testified that on the second night that H.M. was at Edwards's house, G.D. observed Edwards engaging in oral sex with H.M. Moreover, H.M. testified that she had oral sex with Edwards approximately fifteen times, and Stevens testified that Edwards told her that she was having sex with H.M.

Edwards's argument is merely an invitation to reweigh the evidence and judge the

credibility of witnesses, which we cannot do. *Jordan,* 656 N.E.2d at 817. Based upon our review of the record, we conclude that evidence of probative value exists from which the trial court could have found that Edwards was guilty beyond a reasonable doubt of sexual misconduct with a minor as a class B felony. *See, e.g., Angeles v. State,* 751 N.E.2d 790, 798 (Ind. Ct.App.2001) (holding that the evidence was sufficient to sustain the defendant's conviction for sexual misconduct with a minor), *trans. denied.*

For the forgoing reasons, we affirm Edwards's conviction for sexual misconduct with a minor as a class B felony.

Affirmed.

MATHIAS, J. and VAIDIK, J. concur.

